**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANITA O. CREWS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARCIA L. FUDGE,**<br>**Secretary, U.S. Department of Housing and Urban Development,**<br><br>**Defendant.** | ) | **Civ. Action No. 19-3538 (CRC)** |
| **KEISHA M. HURST,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARCIA L. FUDGE,**<br>**Secretary, U.S. Department of Housing and Urban Development,**<br><br>**Defendant.** | ) | **Civ. Action No. 20-3123 (CRC)** |

**JOINT RESPONSE REGARDING DISCOVERY DISPUTE**

The parties to the above actions respectfully file this Joint Report Regarding Discovery Dispute in accordance with the Court's direction earlier today.

**Plaintiff's Position**

Plaintiffs Crews and Hurst respectfully request that the Court issue an Order striking all of defendant's objections to both plaintiffs' written and electronic discovery responses and requiring defendant to supplement its written and electronic discovery responses within two weeks; and to immediately advise plaintiffs of the terms it used in conducting electronic searches and differentiate the results of document production were the products of electronic and manual

searches. The grounds in support of this request are set forth in two deficiency letters sent to defendant's counsel on June 27, 2022 and June 29, 2022. Att. A, Att. B, Att. C. Plaintiff also respectfully refers the Court to recent decision by Magistrate Judge Robinson addressing these same issues, Ronaldson v. NAHB, Civ. Action No. 19-1034, ECF # 68, 2020 WL 3259226.

Due solely to defendant's repeated requests to extend discovery deadlines, on May 31, 2022, the Court's Minute Order of May 31, 2022, required defendant to provide "all outstanding responses to Plaintiffs' written and electronic discovery by 6/30/2022." The Order set a discovery cut-off of September 30, 2022, and concluded "Absent extraordinary circumstances, the Court will not look favorably on future requests for extension of discovery deadline." When the Court issued that Order, plaintiffs' counsel advised defendant that her last day with her firm would be June 30, 2022. Accordingly, complying with the Court's initial deadlines would require defendant to complete its responses to plaintiffs' outstanding discovery expeditiously to provide plaintiffs time to study defendant's responses and prepare for up to 15 depositions in the combined cases.

Several weeks later, on June 22, 2022, defendant finally produced over 7,000 pages of documents in a usable format in Hurst . On June 29, 2022, counsel for plaintiff wrote a detailed letter advising defendant of numerous deficiencies in its earlier responses to Plaintiff's Interrogatories and recent document production, and interposing boilerplate specific and general objections and privilege claims lacking in any specificity. The deficiency letter was accompanied by a 12-page chart that identified specific deficiencies and stating that defendant had not responded to plaintiff's Requests for Production. Att. A. Defendant then provided only partial responses to Ms. Hurst's RFP's that included the same deficient objections and claims of privilege and failed to identify documents that it withheld.

Although defendant served its initial document production in Crews on November 30,

2020, a number of plaintiff's Requests for Production were not answered and, as defendant acknowledged, the production was incomplete. Plaintiff waited in light of the change in defendant's counsel twice and absence of agency counsel. However, even by the time defendant provided its responses in Hurst, defendant still had not completed its document production in Crews. Accordingly, on June 27, 2022, counsel for plaintiff sent a deficiency letter to defendant similar to the one in Hurst. Att. B. In response, on July 27, 2022, defendant updated its document production that was originally sent on November 30, 2020, with a new index and additional documents. However, defendant did not withdraw its objections or claims of privilege.

When defendant did not respond to either letter, on July 8, 2022, plaintiff sent a follow-up letter to demand that defendant start the meet and confer process immediately, with the aim of having defendant supplement all of its discovery responses no later than July 31, 2022, to avoid "jeopardizing" the Court's discovery deadline. Att. C at 1. In response to an email from plaintiff's counsel, on Thursday July 28, 2022, defendant's counsel advised that it would not supplement its responses because it had already produced more than 7,000 pages of documents. Accordingly, on Friday July 29, 2022, the parties contacted Chambers.

**Defendant's Response to the Discovery Dispute**

The Defendant has been diligent in responding to Plaintiffs' discovery requests in these consolidated cases. It must first be noted that undersigned counsel for the Defendant has not been counsel since the inception of either the Crews or Hurst matters but inherited them.

Plaintiffs' discovery requests in the two cases are very broad and responding to them has been a monumental and time-consuming task. Responding to Plaintiffs' e-discovery requests has been particularly difficult and time consuming and has required Defendant to process in excess of 100,000 documents with regard to both cases. However, Defendant has responded to Plaintiff's requests as outlined as follows:

**Crews Discovery Responses**

Defendant provided written responses to Plaintiff's interrogatories and requests for production of documents on November 30, 2020, nearly two years ago. However, Defendant will be providing supplemental answers to Interrogatories 1, 2 and 17, with information that was not available in 2020.

With respect to document production in Crews, Defendant has produced thousands of documents in response to Plaintiff's requests, as follows:

Produced November 2020

- 7,371 pages of documents responsive to Plaintiff's e-discovery requests. Also provided were:
    - A Search number reference chart
    - A Privilege Redaction Log
    - A Privilege Withholding log
- Defendant's Responses and Objections to Plaintiff's First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions, which described the minor changes Defendants made to some of Plaintiff's e-discovery request search terms and dates
- Approximately 65 additional documents responsive to Plaintiff's Requests for Production
- The Reasonable Accommodation Branch file for Anita Crews
- Reports of Investigation and MSPB hearing transcript
- A chart showing which e-discovery docs are responsive to which requests, titled: Search Number Reference for Production_01 (Anita Crews v. Carson)

Supplemental Productions July 2021

- 765 additional pages of e-discovery documents related to job announcements 17-HUD-501, 17-HUD-691, and the Special Needs Assistance Specialist position to which Crews was reassigned. Upon seeing that Phillip Burrows was copied on some emails about 17-HUD-501 and 17-HUD-691, Defendant obtained and searched Mr. Burrows's data for documents related to those announcements and included them in this production.
- 285 additional pages of e-discovery responses, including responsive documents found after searching within the results for Plaintiff's Keyword Searches 16 and 17 for documents containing the terms Anita OR Crews
- Documents contained in Sonya Gaither's file cabinet, provided when she returned to the office

As a courtesy to Plaintiff's counsel, all e-discovery documents produced by Defendant in the Crews matter were re-uploaded to USAfx on July 27, 2022. It is believed that Plaintiff may not have downloaded the documents when first uploaded to USAfx, and the documents in that program are automatically deleted after a certain time.

**Hurst Discovery Responses**

Defendant produced its written Responses and Objections to Plaintiff Keisha Hurst's First Set of Interrogatories on March 22, 2022.

First, a little Background on document discovery in Hurst. Although discovery in Hurst commenced on May 1, 2021, Defendant waited from May 1, 2021, to October 1, 2021 (entire initial 5-month discovery period) to receive Plaintiff's discovery requests, despite conversation during a February 11, 2021 meet-and-confer during which Agency counsel explained to Plaintiff's counsel the importance of receiving discovery requests as soon as possible due to the time-consuming process of collecting and processing data via HUD's E-Discovery platform, and Plaintiff's counsel's acknowledgement on this point.

As a consequence, document review and production collided with Agency

counsel's parental leave in early 2022, causing process to take much longer than it otherwise would have.
After data collection, review began with an E-Discovery document universe of more than 100,000 documents, which resulted from running Plaintiff's expansive requested search criteria as well as additional search terms calculated to locate potentially relevant material. After further search narrowing, agency counsel reviewed and coded approximately 20,000 documents to determine responsiveness or non-responsiveness to Plaintiff's specific requests for production.

On June 30, 2022, Defendant produced its written Objections and Responses to Plaintiff Keisha Hurst's First Set of Requests for the Production of Documents. On that same date, Defendant produced to Plaintiff's counsel 11,014 Bates-stamped pages of documents, along with a reference chart showing which documents are responsive to which specific document request. Defendant also produced:

- Plaintiff's e-OPF;
- Plaintiff's time and attendance records for four years;
- four Excel spreadsheets, and
- 616 pages of additional documents collected and produced outside of the E-Discovery process

Defendant also is in the process of preparing a privilege log and will deliver it on Friday, August 5, 2022, along with small production of additional documents either (1) producible with redactions, or (2) that have been deemed on further review not to be privileged.

Based on the foregoing, Defendant has responded fully and in good faith to Plaintiffs' discovery requests.

Respectfully submitted,

/s/

Robert C. Seldon, Esq.
D.C. Bar No. 245100
Seldon Bofinger & Associates, P.C.
1319 F Street, N.W., Suite 200
Washington, D.C. 20004
(202) 393-8200
Counsel for Plaintiffs