1319 F Street NW
Suite 200
Washington, DC 20004

SBA
Seldon Bofinger
&
Associates, P.C.

Office: (202) 393-8200
Cell: (202) 841-5038
seldonbofinger.com

Molly Buie
meb@sba-pc.com

June 29, 2022

**VIA EMAIL**
AUSA Thomas Duffey, Esq.
Office of the U.S. Attorney for the
District of Columbia
501 3rd Street, NW
4th Floor
Washington, D.C. 20530

Re: Hurst v. Fudge, No. 20-3123 (CRC)

Dear Tom:

I am writing regarding Defendant's recent responses to our written discovery requests in the Hurst case. As you know, I sent a letter and discovery chart earlier this week regarding the Crews case.

Last month, when Defendant requested our position on a motion to enlarge the discovery period, I advised you that we would agree not to oppose the motion only upon Defendant's agreement to fully respond to our discovery requests by the end of June, at the latest. As I explained at the time, June 30 (tomorrow) will be my last day with my firm. After a very long career here, I wanted to leave the case in good shape for the attorney who will be taking it over from me. You agreed to our condition, which was included in the motion to enlarge.

Since then, Defendant has produced 7,288 pages of documents[1]; however, it has not provided the written responses and objections to our Requests for Production of Documents (RFPs) that should have accompanied them. Accordingly, I have no idea which RFPs the documents produced are responsive to, although just by looking at them, it appears that they may have been generated as a result of our e-discovery search terms. I emailed you yesterday to seek clarification about this, but have not heard back.

---

[1] These documents were initially produced on June 22, 2022; however, the file sizes were too large for me to open. Defendant broke the files down into smaller PDF documents, and I was finally able to open them on June 27, 2022.

If the 7,288 documents are indeed Defendant's e-discovery response, then it has not yet produced documents responsive to our other RFPs, apart from Nos. 3 and 5[2]. We also have not been given a privilege log, redaction log, or search number reference list for the e-discovery production.

Without having this information or Defendant's written responses and objections, I am unable to assess whether Defendant's production is complete. Please let me know right away when these items will be produced.

In terms of Defendant's responses to our Interrogatories, Defendant produced those on April 7, 2022. I have gone through them and prepared the attached chart responding to the specific objections Defendant raised and identifying any deficient responses. I have also set out below Plaintiff's responses to Defendant's General Objections and addressed other issues that apply to Defendant's responses overall.

**Boilerplate Objections:** Defendant listed 10 General Objections at the beginning of its Interrogatory responses and included many of the same boilerplate objections in responding to specific Interrogatories. It is unclear, however, whether Defendant has actually withheld any information pursuant to these objections and, if it did, the specific grounds for doing so.

Interposing boilerplate objections and then answering Plaintiff's discovery requests without waiving the objections is not sufficient to adequately respond to discovery. See Fed. R. Civ. P 33(b)(4) and 34(b)(2)(C); Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 181, 191 (D.D.C. 1998); Liguria Foods, Inc. v. Griffith-Laboratories, Inc., 320 FRD 168 (ND Iowa 2017); Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358-59 (D. Md. 2008) (collecting cases); Steed v. EverHome Mortg. Co., Appeal No. 08-13476, 2009 WL 139507 at *4 (11th Cir. 2009); Burlington Northern v. Santa Fe Ry. Co. 408 F.3d 1142, 1147-48 (9th Cir. 2005). That is why, for example, Instruction No. 7 to Plaintiff's discovery requests identified the information that must be provided by a responding party who objects on the grounds of burdensomeness or proportionality. In some instances, vague and non-specific responses that are not cured during meet and confer exchanges may be treated as a failure to answer pursuant to Rule 37(a)(4). See Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. at 191.

This same issue came up in a discovery dispute we had recently in another case. There, Magistrate Judge Robinson found that the defendant had waived all objections it did not raise with specificity, including all proportionality and burden-related objections, which require the submission of affidavits or other evidence that "reveals the nature of the burden." Ronaldson v. National Assn. Home Builders, No. 19-01034 at ECF #68 (citing Convertino v. U.S. Dept. of Justice, 565 F. Supp. 2d. 10, 14 (D.D.C. 2008)).

All of Defendant's boilerplate objections in this case (i.e., vague, not proportional, burdensome, overbroad, etc.), including all of its General Objections, are similarly flawed and invalid to justify withholding any information or documents in this case. Defendant must

---

[2] Defendant forwarded the documents responsive to those RFPs on April 26, 2022.

immediately either withdraw the objections, provide the specific bases for each of its objections and explain what evidence was withheld, or confirm that no information or documents have been withheld based upon them as required by Fed. R. Civ. P. 34(b)(2(C).

**Compound/Subparts:** In responding to several of Plaintiff's Interrogatories, Defendant objected on the ground that each interrogatory was supposedly compound and contained "discrete subparts that together add up to more than 40 interrogatories." That is not a valid way to count the total number of Plaintiff's Interrogatories. None of the interrogatories propounded by Plaintiff is compound or contains discrete subparts that add up to more than 40 interrogatories. The sub-parts merely provide examples of the specific information Defendant should include in a complete answer. "An interrogatory directed at eliciting details concerning a *common theme* should not be counted as multiple interrogatories." In re ULLICO Inc. Litigation, 2006 WL 2398742 at *2 (D.D.C.) (internal quotations omitted) (emphasis supplied); see Banks v. Office of the Senate Sergeant At Arms, 222 F.R.D. 7, 11 (D.D.C. 2004); Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005). The Advisory Committee notes to the 1993 amendment to Rule 33(a)(1), which was cited by Defendant, specifically recognized that an interrogatory with sub-parts that seeks information on one subject counts as one interrogatory. For example, "a question asking about communications" concerning one integrated subject is "treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." See also, 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 39–40 (3d ed. 2010) ("an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question."). Plaintiff is entitled to answers to all of her Interrogatories and all of their sub-parts.

**Claims of Privilege:** Defendant raised claims of privilege in responding to Interrogatories 2, 3, 6-9, and 13; however, it did not state whether any information was withheld on the grounds of privilege, nor did it provide any factual basis for asserting privilege. Indeed, in many cases, Defendant did not even specify which privilege supposedly applied and broadly objected "to the extent that [the Interrogatory] requests information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege."

That is not the way privilege objections work. "When a party withholds information otherwise discoverable by claiming that the information is privileged, or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed … in a manner that … will enable other parties to assess the claim." Rule 26(b)(5)(A). Defendant did neither of these things. As such, its privilege objections are invalid and any information withheld on that basis must be immediately disclosed.

To the extent Defendant objected on the basis of the deliberative process privilege, that privilege is inapplicable here. It does not apply when a cause of action is directed at a government agency's intent and/or its subjective motivations, as Plaintiff's claims are. See In re: Subpoena Duces Tecum, 156 F.3d 1279, 1280 (D.C. Cir. 1998). Moreover, Defendant has not provided any information to support its objections, such as specific facts from an agency head demonstrating why each document is "deliberative" and "predecisional;" specific facts concerning the degree and

type of harm that would result from requiring production of each document; and identifying what portions of each document are deliberative and, if specific sections are purely factual, why those sections cannot be produced. See e.g., L.H. v. Schwarzenegger, 2008 WL 2073958, *7 (E.D. Cal. May 14, 2008).

**Signature by Agency Counsel:** Defendant's responses to Plaintiff's Interrogatories were signed by Agency Counsel Sean Kellem. As you know, unless Defendant agrees to waive attorney-client privilege, Mr. Kellem cannot be called to testify about the substance of the conversations he had that that led to Defendant's responses. Defendant will therefore need to identify the person or persons with personal knowledge who provided substantive information for each Interrogatory response.

Please refer to the attached chart for Plaintiff's responses to any specific objections Defendant raised in responding to Plaintiff's Interrogatories, including relevance objections.

Tom, Plaintiff has been very patient in this matter, given that you inherited this case and Crews from other AUSAs and have a very full docket of other cases, but the discovery issues I have raised above and in the letter I sent earlier this week must be immediately addressed. As I have mentioned, Bob Seldon and Angela St. Pierre from my office will be taking over this case. Bob would like to schedule a meet and confer conference within the next two weeks to confer about the deficiencies I have identified. If Defendant is unable or unwilling to promptly cure them, the next step will be for both plaintiffs to make a motion for sanctions under Fed. R. Civ. P. 37(d).

Please reach out to Bob at rcs@sba-pc.com or 202-393-8200 ex. 113 to schedule a conference. Thank you.

Very truly yours,

Molly Buie

cc: Keisha Hurst
Enclosure

# Chart Re: Def. Resp. Pl. 1st Set of Interrogatories and Requests for Production of Documents in Hurst v. Fudge, No. 20-3123 (CRC)

| INTERROGATORIES ("INTs") | | | | |
|---|---|---|---|---|
| | **Subject of INT/RFP** | **Def. Objection** | **Def. Resp.** | **Pl. Resp./Objections** |
| **GEN** | | To the extent "Definitions and Instructions" impose obligations beyond Fed. R. Civ. P. | | See letter of June 29, 2022 |
| **GEN** | | Overly broad, seek irrelevant information, not proportional | | See letter |
| **GEN** | | Unduly Burdensome/duplicative | | See letter |
| **GEN** | | Compound/ Contain un-Identified subparts that add up to more than 40 interrogatories | | See letter |
| **GEN** | | Vague/Ambiguous | | See letter |
| **GEN** | | Privileged, including atty-client, work product, law enforcement, deliberative process, and joint defense privileges | | See letter |
| **GEN** | | Misc. other objections Nos. 7-10 | | See letter |
| **INT 1** | Complete and accurate account of Sept. 21, 2018 decision by RAB that plaintiff was "an individual who was eligible for RA" and that "the medical documentation supports the employee needs a RA." | Vague, overly broad, unduly burdensome, compound | Defendant provided a response. | See letter re: objections.<br><br>If anyone besides Patrice Paige was involved in the process of reviewing plaintiff's request, her medical documentation, or was involved in making, consulting about, reviewing, or approving the decision at issue, defendant must supplement its response with this information in accordance with part (c) of the Interrogatory. |

| | | | | |
|---|---|---|---|---|
| **INT 2** | Complete and accurate account of def's implementation of plaintiff's RA between July 23, 2018 and Nov. of 2019 when HUD identified 5 Mgmt. Analyst positions into which plaintiff could be reassigned. | Vague, overly broad, unduly burdensome, privilege, compound | Def. provided no information and referred plaintiff generally to documents to be produced in response to unspecified Requests for Production of Documents. | See letter re: objections.<br><br>This response is wholly inadequate. Defendant may not broadly refer plaintiff to unspecified documents as a substitute for providing a narrative response to this Interrogatory. Under Fed. R. Civ. P. 33(d), a party opting to produce business records in lieu of providing a narrative response may only do so if the answer to an interrogatory can be determined by examining … the responding party's business records and if the burden of deriving or ascertaining the answer will be substantially the same for either party.<br><br>Neither requirement is met in this case. No documents provided by defendant will be able to answer all of the information sought in this Interrogatory. Even if they could, the burden of locating and extracting that information would be significantly higher for plaintiff than for defendant to provide it in a narrative response.<br><br>Moreover, Rule 33(d)(1) requires the responding party to specify "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Here, defendant has failed even to provide the Bates numbers or any other identifier for the documents to which it directs plaintiff in its response.<br><br>Defendant must immediately provide a narrative response to this Interrogatory. |

| | | | | |
|---|---|---|---|---|
| **INT 3** | Complete and accurate account of Tenille Washburn's Dec. 16, 2019 decision on plaintiff's Nov. 21, 2019 RA request. | Vague, overly broad, unduly burdensome, privilege, compound | Defendant provided a response. | See letter re: objections.<br><br>Defendant states in its response that Ms. Washburn participated in a call on Nov. 26, 2019 with various persons, including "other HUD officials from OCHCO and HUD's OGC." Defendant must identify those persons and anyone else who was involved in, consulted about and/or had input into her decision in accordance with part (c) of the Interrogatory.<br><br>Defendant must supplement its response with this information. |
| **INT 4** | Identify all essential functions of the GS-14 Management Analyst position in OCG referred to in ¶84 of the Complaint that required the incumbent to be physically present in D.C. | Vague, overly broad, unduly burdensome | Defendant provided a response. | See letter re: objections.<br><br>Defendant's response appears satisfactory. |
| **INT 5** | For periods Oct. 1, 2019 to Feb. 29, 2020 and Mar. 1, 2020 to June 30, 2020, identify all GS-13 and GS-14 Mgmt Analysts in OGC who were supervised by Tenille Washburn and worked remotely more than one day per week. | Relevance, not proportional, seeks private or confidential information. | Defendant provided a response. | See letter re: objections. As to the relevance of the timeframes included in the Interrogatory, plaintiff included the time period immediately before she made her second RA request thru the end of the month when the RAC issued its Feb. 27, 2020 decision because that entire time period is relevant to the agency's argument that the Mgmt Analyst position could not be performed remotely. Plaintiff had an open RA request in Oct. and Nov. 2019 and an open appeal to the RAC until Feb. 27,2020.<br><br>Plaintiff included the periods Mar. 1, 2020 through June 30, 2020 because that is the time period when she submitted a request to the RA branch to be |

| | | | | |
|---|---|---|---|---|
| | | | | detailed to the Mgmt Analyst position in OGC, which to her knowledge was still open and the entire agency was on a work-from-home status. That request was denied on April 29, 2020 by Ms. Gaither; however, plaintiff remained in her position in ELRD until – through her own efforts – she secured a reassignment to PIH in June of 2020. Thus, that entire time period is relevant.<br><br>Defendant responded that for the period from Nov. 21, 2019 through Feb. 27, 2020 there were zero GS-13 or GS-14 Mgmt Analysts under Ms. Washburn's supervision who worked outside of a HUD physical workspace more than one day per week…<br><br>This answer is not responsive to the Interrogatory, which requested information about different date ranges than that included in defendant's response. Defendant cannot reasonably limit its response regarding comparator information to a three-month time period when plaintiff was actively seeking an accommodation to work remotely for much longer than that. Moreover, plaintiff has reason to believe that many Management Analysts in OGC and elsewhere in the agency were able to successfully work remotely for more than a year during the pandemic, which refutes defendant's claims that the job could not be performed remotely.<br><br>Defendant must immediately supplement its response with the information sought in the Interrogatory. |
| **INT 6** | Complete and accurate account Gayle Bohling's second-level | Vague, overly broad, unduly burdensome, privilege, compound | Defendant provided a response. | See letter re: objections. |

| | | | | |
|---|---|---|---|---|
| | review of plaintiff's Nov. 21, 2019 RA request | | | If anyone besides Ms. Bohling and Ms. Washburn were involved in involved in making, consulting about, or giving input into this decision, including HR personnel, defendant must supplement its response with this information in accordance with part (b) of the Interrogatory. |
| **INT 7** | Complete and accurate account of RAC review of plaintiff's Nov. 21, 2019 RA request. | Vague, overly broad, unduly burdensome, privilege, compound. | Defendant provided a response. | See letter re: objections.<br><br>This response appears satisfactory. |
| **INT 8** | Identify all alternative accommodations that were considered, if any, by Ms. Washburn, Ms. Bohling, and/or the RAC with respect to plaintiff's Nov. 21, 2019 RA request | Privilege. | Defendant provided a response. | See letter re: objections.<br><br>This response appears satisfactory. |
| **INT 9** | Complete and accurate account of plaintiff's March 20, 2020 RA request that was denied by Ms. Gaither on April 29, 2020 | Vague, ambiguous, incomprehensible, vague, overly broad, unduly burdensome, privilege, compound | Defendant provided a response. | See letter re: objections.<br><br>This response appears satisfactory. |
| **INT 10** | Complete and accurate account of the basis for Affirmative Defense #6 in Answer that plaintiff's claims are untimely | Privilege, seeks legal argument, premature | Def. did not respond to Interrogatory | See letter re: objections. Regarding the "legal argument" objection, Pursuant to Fed. R. Civ. P. 33(a)(2), an Interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact …"<br><br>If defendant is currently in possession of any facts that support this Affirmative Defense, it must provide them in response to this Interrogatory. |

| | | | | |
|---|---|---|---|---|
| | | | | Otherwise, defendant must immediately supplement its answer if it learns or obtains any responsive information. |
| **INT 11** | Complete and accurate account of the basis for Affirmative Defense #7 in Answer that plaintiff was not entitled to any reasonable accommodations | Privilege, seeks legal argument, premature | Def. did not respond to Interrogatory | See letter re: objections.<br><br>This response is unacceptable. Defendant has asserted in its Answer that plaintiff was not entitled to any reasonable accommodations, and indeed, it denied at least two of her requests for accommodation. It must therefore have some factual basis for raising this Affirmative Defense and is already in possession of the medical records plaintiff submitted in support of her requests for reasonable accommodation.<br><br>Pursuant to Fed. R. Civ. P. 33(a)(2), an Interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact …"<br><br>Defendant must provide a response to this Interrogatory. |
| **INT 12** | Complete and accurate account of basis for denying ¶112 of the Complaint including identifying any of plaintiff's claims that you assert were not administratively exhausted. | Vague, overly broad, | Defendant provided a response. | See letter re: objections.<br><br>This response appears satisfactory. |
| **INT 13** | To the extent not already provided, provide a complete and accurate account of all information and | Vague, overly broad, confusing, compound, privilege | Def. did not respond to Interrogatory | See letter re: objections. |

| | | | | |
|---|---|---|---|---|
| | persons that support your claims assertions, or defenses. | | | |
| **REQUESTS FOR PRODUCTION OF DOCUMENTS (RFPs)** | | | | |
| | **Subject of INT/RFP** | **Def. Objection** | **Def. Resp.** | **Pl. Resp./Objections** |
| **RFP 1** | All docs that refer or relate to def's responses to interrogs. | Defendant has not provided written responses to plaintiff's RFPs | Except as noted, below, defendant has not provided documents responsive to plaintiff's RFP | |
| **RFP 2** | All docs captured in response to e-searches. | | Defendant provided documents Bates Nos. 1-7288 on June 22, 2022 (although we could not open them until June 27, 2022); however, it is unclear whether these documents are the results of the e-discovery searches. | |
| **RFP 3** | All docs in pl's OPF | | Defendant provided plaintiff's eOPF on April 26, 2022. | |
| **RFP 4** | Performance and conduct docs not within OPF | | | |
| **RFP 5** | Position Descriptions for pl. from Sept. 21, 2014 to present | | Defendant provided the following position descriptions on April 26, 2022: Supervisor HR Specialist (GS-0201-15); Supervisory HR Specialist (GS-0201-14); Supervisory | |

| | | | | |
|---|---|---|---|---|
| | | | Mgmt. Analyst (GS-0343-15); and Supervisory Mgmt. and Program Analyst (GS-0343-14). | |
| **RFP 6** | Docs re: plaintiff's July 23, 2018 RA request | | | |
| **RFP 7** | Docs re: plaintiff's Nov. 21, 2019 RA request | | | |
| **RFP 8** | Docs re: plaintiff's March 20, 2020 RA request | | | |
| **RFP 9** | To the extent not provided in RFPs 6-8, docs re: plaintiff's request for reassignment outside the supervision of Joseph Sullivan | | | |
| **RFP 10** | To the extent not provided in RFPs 6-8, docs re: defendant's consideration or implementation of an accommodation for plaintiff other than the requested accommodation of being reassigned outside the supervision of Sullivan (i.e., alternative accommodations). | | | |

| | | | | |
|---|---|---|---|---|
| **RFP 11** | Position Description for the GS-14 Management Analyst position in OGC referred to in ¶84 of Cplt. | | | |
| **RFP 12** | Docs re: climate assessment that was conducted in ELRD in April of 2018 | | | |
| **RFP 13** | Docs re: letter of reprimand issued to plaintiff on June 29, 2018 or the allegations contained in it | | | |
| **RFP 14** | Docs re: any delinquency in payment or other misuse of govt issued credit card or travel card by any first or second-level subordinate of Sullivan from 2016-2018 and resulting discipline | | | |
| **RFP 15** | Docs re: delinquency in payment or misuse of govt issued credit or travel card by Ginger Richardson from 2016 to 2018. | | | |
| **RFP 16** | Docs re: FMLA leave taken by plaintiff between April 1, 2018 and June 30, 2018 | | | |

| | | | | |
|---|---|---|---|---|
| **RFP 17** | March 18, 2020 email to HUD employees from Chad Cowan referenced in defendant's Answer at ¶98 | | | |
| **RFP 18** | All communications between Cedric Brown and Sonya Gaither referenced in defendant's Answer at ¶102 | | | |
| **RFP 19** | Docs re: plaintiff's first EEO complaint (HUD-00093-2017), including any notice to Gaither, Sullivan, or Brooks about it | | | |
| **RFP 20** | Docs re: Def's Affirmative Defense #6 that "plaintiff's claims are untimely" | | | |
| **RFP 21** | Docs re: Def's Affirmative Defense #7 that "plaintiff was not entitled to any reasonable accommodations" | | | |
| **RFP 22** | Docs re: Def's Initial Disclosures "pertaining to Keisha Hurst's performance in … ELR Division." | | | |
| **RFP 23** | Docs re: Def's Initial Disclosures "maintained by the | | | |

| | | | | |
|---|---|---|---|---|
| | Bureau of Fiscal Services … time and attendance.” | | | |
| **RFP 24** | Docs re: Def’s Initial Disclosures “contained in the paper file kept for Keisha Hurst’s requests.” | | | |
| **RFP 25** | Docs re: Def’s Initial Disclosures “contained in electronic folders ... Regarding Keisha Hurst’s requests” | | | |
| **RFP 26** | Docs re: Def’s Initial Disclosures “Emails between parties … regarding Keisha Hurst’s requests.” | | | |
| **RFP 27** | To the extent not produced in preceding RFPs, all documents that support your claims, assertions, or defenses in this actions. | | | |
| **RFP 28** | To the extent not produced in response to preceding RFPs, documents that impeach the credibility of, or the statements made in admin. Reports of Investigation by, any of the persons | | | |

| | | | | |
|---|---|---|---|---|
| | identified in Plaintiff's Initial Disclosures. | | | |