1319 F Street NW
Suite 200
Washington, DC 20004

SBA
Seldon Bofinger
&
Associates, P.C.

Office: (202) 393-8200
Cell: (202) 841-5038
seldonbofinger.com

Molly Buie
meb@sba-pc.com

June 27, 2022

**VIA EMAIL**
AUSA Thomas Duffey, Esq.
Office of the U.S. Attorney for the
District of Columbia
501 3rd Street, NW
4th Floor
Washington, D.C. 20530

Re: Crews v. Carson, No. 19-3538

Dear Tom:

As you know, Defendant recently completed its responses to our written discovery in Hurst v. Fudge, No. 10-3123. As such, we are now undertaking a comprehensive review of Defendant's responses in that case and in Crews to determine whether there are any outstanding issues that need to be addressed before the parties move forward with depositions. This letter concerns deficiencies we have identified in the Crews matter. A separate letter will follow later this week regarding Hurst.

With respect to Defendant's specific responses to plaintiff's Interrogatories and Requests for Production, I have outlined the issues Plaintiff has identified in the attached chart. Additionally, as I have explained in my email communications with you, we do not have any documents from defendant in response to Requests for Production (RFPs) 1-2, 10, 13, 15, 17, 20-22, 28, 31-33. This includes Defendant's responses to our e-discovery requests, which were incorporated through RFP No. 2. Defendant must provide the outstanding documents immediately so we can assess the adequacy of Defendant's response and follow up as needed.

In terms of the numerous general and specific objections Defendant raised in its responses, I have set out Plaintiff's responses below.

**Boilerplate Objections:** Defendant listed 9 General Objections at the beginning of its Interrogatory responses and 13 at the beginning of its responses to Plaintiff's Requests for Production. Defendant included many of the same boilerplate objections in responding to specific Interrogatories and RFPs. It is unclear, however, whether Defendant has actually withheld any

documents or information pursuant to these objections and, if it did, the specific grounds for doing so.

Interposing boilerplate objections and then answering Plaintiff's discovery requests without waiving the objections is not sufficient to adequately respond to discovery. See Fed. R. Civ. P 33(b)(4) and 34(b)(2)(C); Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 181, 191 (D.D.C. 1998); Liguria Foods, Inc. v. Griffith-Laboratories, Inc., 320 FRD 168 (ND Iowa 2017); Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358-59 (D. Md. 2008) (collecting cases); Steed v. EverHome Mortg. Co., Appeal No. 08-13476, 2009 WL 139507 at *4 (11th Cir. 2009); Burlington Northern v. Santa Fe Ry. Co. 408 F.3d 1142, 1147-48 (9th Cir. 2005). That is why, for example, Instruction No. 7 to Plaintiff's discovery requests identified the information that must be provided by a responding party who objects on the grounds of burdensomeness or proportionality. In some instances, vague and non-specific responses that are not cured during meet and confer exchanges may be treated as a failure to answer pursuant to Rule 37(a)(4). See Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. at 191.

This same issue came up in a discovery dispute we had recently in another case. There, Magistrate Judge Robinson found that the defendant had waived all objections it did not raise with specificity, including all proportionality and burden-related objections, which require the submission of affidavits or other evidence that "reveals the nature of the burden." Ronaldson v. National Assn. Home Builders, No. 19-01034 at ECF #68 (citing Convertino v. U.S. Dept. of Justice, 565 F. Supp. 2d. 10, 14 (D.D.C. 2008)).

All of Defendant's boilerplate objections in this case (i.e., vague, not proportional, burdensome, overbroad, etc.), including all of its General Objections, are similarly flawed and invalid to justify withholding any information or documents in this case. Defendant must immediately either withdraw the objections, provide the specific bases for each of its objections and explain what evidence was withheld, or confirm that no information or documents have been withheld based upon them as required by Fed. R. Civ. P. 34(b)(2(C).

**Compound/Subparts:** In responding to all or nearly all of Plaintiff's Interrogatories, Defendant objected on the ground that each interrogatory was supposedly compound and contained "discrete subparts that together add up to more than 40 interrogatories." That is not a valid way to count the total number of Plaintiff's Interrogatories, which only totaled 17. None of the interrogatories propounded by Plaintiff is compound or contains discrete subparts that add up to more than 40 interrogatories. The sub-parts merely provide examples of the specific information Defendant should include in a complete answer. "An interrogatory directed at eliciting details concerning a *common theme* should not be counted as multiple interrogatories." In re ULLICO Inc. Litigation, 2006 WL 2398742 at *2 (D.D.C.) (internal quotations omitted) (emphasis supplied); see Banks v. Office of the Senate Sergeant At Arms, 222 F.R.D. 7, 11 (D.D.C. 2004); Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005). The Advisory Committee notes to the 1993 amendment to Rule 33(a)(1), which was repeatedly cited by Defendant, specifically recognized that an interrogatory with sub-parts that seeks information on one subject counts as one interrogatory. For example, "a question asking about communications" concerning one integrated subject is "treated as a single interrogatory even though it requests that the time, place, persons

present, and contents be stated separately for each such communication." *See also,* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 39–40 (3d ed. 2010) ("an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question."). Plaintiff is entitled to answers to all of her Interrogatories and all of their sub-parts.

**E-Discovery:** Plaintiff's Request for Production No. 2 sought "all documents captured in response to the electronic searches specified in Attachment A to this Request for Production." That attachment contained a number of searches, each specifying the individuals whose documents were to be searched, a date range for the search, and the search terms to be used along with terms and connectors meant to limit the results to relevant documents.

In conferring for the Rule 16 Report, we specifically asked Defendant to alert us if any of the e-discovery searches were generating too many hits or too many irrelevant documents so that we could work with Defendant to narrow the requests. This is a process that we have undertaken in numerous cases with excellent results.

Rather than do that, Defendant made the unilateral decision to extensively revise the search terms and dates for Searches 1-4, 6-12, 14-15, and 18-29. It refused to produce any documents for Searches 6 and 13, supposedly because the documents sought are equally available to Plaintiff. Defendant likewise refused to respond to Searches 16 and 17 based on unsupported burdensome and relevance objections. While Defendant did provide an Excel spreadsheet showing which documents were responsive to which searches, to date it has not provided the actual documents.

Defendant's objections that Plaintiff's electronic searches were "overbroad because they are not limited to specific relevant time periods, contain terms and combinations of terms not tailored to return documents relevant to Plaintiff's claims, and do not reasonably describe any specific records sought be Plaintiff" are belied by Plaintiff's searches, each one of which describes the general subject of the documents sought at the top in parenthesis, provides a date range – some as short as a couple of months – and includes specific search terms that are aimed at locating relevant documents.

Defendant's actions in revising the search terms and withholding the responsive documents are unacceptable and do not demonstrate a good faith effort to work cooperatively in the discovery process. Defendant must immediately produce the documents that resulted from its revised searches and schedule a meet and confer session with us to provide evidence of the alleged burdensomeness of Plaintiff's original search terms, including how many documents each one generated.

**Other Electronic Document Discovery:** Defendant's responses to Plaintiff's Requests for Production of Documents do not state whether the agency manually searched for responsive, electronically stored documents, such as e-mails, or whether it limited its search for electronic documents to the revised keyword searches it conducted pursuant to Plaintiff's RFP No. 2. The definition of "Document" in Plaintiff's discovery instructions clearly states that Defendant had an obligation to search for both hard copy documents and electronically stored documents. If

Defendant did not search for responsive electronic documents in responding to Plaintiff's RFPs, including e-mails, it must do so immediately.

**Privilege Objections/Redactions:** Defendant raised several privilege objections in responding to Plaintiff's RFPs and provided a log of allegedly privileged documents and redacted information; however, it did not identify to which RFPs the withheld/redacted documents were responsive. Additionally, the logs seemingly refer to Bates numbers in the "control number" column, but the documents that were produced by defendant are not Bates stamped, so Plaintiff has no way to match them up. Plaintiff cannot adequately assess Defendant's privilege objections without the missing information. Please immediately provide the requested information.

As to Defendant's deliberative process privilege objections, that privilege does not apply when a cause of action is directed at a government agency's intent and/or its subjective motivations, as Plaintiff's claims are. See In re: Subpoena Duces Tecum, 156 F.3d 1279, 1280 (D.C. Cir. 1998). Moreover, Defendant has not provided any information to support its objections, such as specific facts from an agency head demonstrating why each document is "deliberative" and "predecisional;" specific facts concerning the degree and type of harm that would result from requiring production of each document; and identifying what portions of each document are deliberative and, if specific sections are purely factual, why those sections cannot be produced. See e.g., L.H. v. Schwarzenegger, 2008 WL 2073958, *7 (E.D. Cal. May 14, 2008). In short, this is not a valid objection and any documents withheld on this basis must be produced.

**Signature by Agency Counsel:** Defendant's responses to Plaintiff's Interrogatories were signed by Agency Counsel Margaret Baldwin. That is inappropriate as Ms. Baldwin states that she does not have personal knowledge of the events described. Additionally, unless Defendant agrees to waive attorney-client privilege, Ms. Baldwin cannot be called to testify about the substance of the conversations she had that that led to Defendant's responses. In lieu of Ms. Baldwin's certification, Defendant may identify the persons who provided substantive information for each Interrogatory response.

As I have mentioned previously, after many years with Seldon Bofinger, I will be leaving the firm at the end of this month. Bob Seldon will be taking over as lead counsel in both this case and in Hurst. Our new associate, Angela St. Pierre will also be working on the case along with our paralegal, Kirby York, whom you know. Mr. Seldon's email address is rcs@sba-pc.com. Please be sure to direct all correspondence to his attention from this point forward. Thank you.

Very truly yours,

Molly Buie

cc: Anita Crews
Enclosure: Discovery Chart

# Chart Re: Def. Resp. Pl. 1st Set of Interrogatories and Requests for Production of Documents in Crews v. Carson, No. 19-3538 (CRC)

| INTERROGATORIES ("INT") | | | | |
|---|---|---|---|---|
| | **Subject of INT/RFP** | **Def. Objection** | **Def. Resp.** | **Pl. Resp./Objections** |
| **GEN** | | Overly broad, seek irrelevant information, not proportional | | See letter of June 27, 2022 |
| **GEN** | | Unduly Burdensome/duplicative | | See letter |
| **GEN** | | Compound/ Contain un-Identified subparts that add up to more than 40 interrogatories | | See letter |
| **GEN** | | Vague/Ambiguous | | See letter |
| **GEN** | | Privileged, including atty-client, work product, law enforcement, deliberative process, and joint defense privileges | | See letter |
| **GEN** | | Misc. other objections Nos. 6-9 | | See letter |
| **INT 1** | Complete and accurate account of advertisement for VA 17-HUD-501 including reasons for rescinding the announcement | Relevance, proportionality, vague, overly broad, compound | Def. provided minimal response to interrog. Did not provide most of requested information – referred to vacancy announcement. | See letter re: objections. As to relevance, plaintiff specifically alleged in the Complaint that she was denied an opportunity to transfer out of ELR when this vacancy was cancelled. Cplt. ¶¶43-47.<br><br>Defendant stated that Jackie Cumber was the hiring official and that "a decision was made to revise the Announcement, so it was cancelled on May 17, 2017," but did not provide any further explanation. Per the interrogatory, at a minimum, defendant must explain reasons for canceling ore rescinding the Vacancy Announcement and identify all persons, including HR personnel, involved in the foregoing decisions and actions. |

| | | | | |
|---|---|---|---|---|
| **INT 2** | Complete and accurate account of advertisement for VA 17-HUD-691 including reasons for advertising more than once with different closing dates | Relevance, proportionality, vague, overly broad, compound | Defendant provided almost no information and referred to vacancy announcement. | See letter re: objections. As to relevance, 1-HUD-691 was one of the positions into which plaintiff alleged she could have been transferred pursuant to her RA request. Cplt. ¶¶108-109.<br><br>Defendant must provide the information sought in the interrogatory including providing an account of its selection (or failure to make a selection) under this announcement; the reasons it advertised the position more than once with two closing dates; the availability of or preference for disabled individuals for the position; and identifying all persons, including HR personnel, involved in the foregoing decisions. Defendant must supplement its response with this information. |
| **INT 3** | Complete and accurate account of advertisement for VA 18-HUD-691 [supposed to be 18-HUD-171] including reasons for selecting plaintiff and offering plaintiff that position as a GS-12 | Relevance, proportionality, vague, overly broad, compound | Def. partially answered the interrog. | See letter re: objections. As to relevance, this is the very position that defendant claims it transferred plaintiff into as a reasonable accommodation. Plaintiff has alleged that she located the position and applied for the position on her own, and should have been transferred as a GS-13. Cplt. ¶¶162-69.<br><br>While defendant did provide some information in response to this interrogatory, it failed to identify the process by which applicants were evaluated and ranked; the process by which it reviewed, examined and/or screened applicants; its reasons for selecting the original selectees (Henry and Brock) and not selecting plaintiff; its reasons for selecting plaintiff as a GS-12 instead of a GS-13; and identifying any personnel other than Proctor, DeBlasio, and Suchar involved in the selection. Defendant also failed to explain its reasons for asking OCHCO to reconsider plaintiff's reassignment into the position. Defendant must supplement its response with this information. |

| | | | | |
|---|---|---|---|---|
| **INT 4** | Complete and accurate account of PIP issued to plaintiff on Sept. 19, 2016. | Vague, overbroad, compound. | Def. partially answered the interrog. Referred to Hurst's Sept. 2016 memorandum to Crews; Hurst's EEO affidavit and MSPB testimony. | See letter re: objections.<br><br>In its response, defendant states that "some of the performance deficiencies identified in Ms. Crews's PIP involved complaints Ms. Hurst received directly from program office clients. Some involved complaints made to Joseph Sullivan…" but failed to specify which complaints it was referring to, identify the subjects of the complaints, or provide documents evidencing such complaints. Defendant also failed to identify all persons, including HR personnel, involved in the decision to issue the PIP other than Ms. Hurst and Mr. Sullivan; and to identify any alternatives to the PIP considered by it. Defendant must supplement its response with this information. |
| **INT 5** | Complete and accurate account of OIP issued to plaintiff on Dec. 19, 2016 | Vague, overbroad, compound. | Def. partially answered the interrog. Referred to Hurst's OIP memorandum to Crews; Hurst's EEO affidavit and MSPB testimony. | See letter re: objections.<br><br>Defendant failed to provide any account of how OIP came about; to identify all persons, including HR personnel, involved in the decision to issue the OIP other than Ms. Hurst, or to identify any alternatives to the OIP considered by it. Defendant must supplement its response with this information. |
| **INT 6** | Complete and accurate account of Notice of Improved Performance of March 7, 2017 | | Def. partially answered this interrog. | See letter re: objections.<br><br>Defendant failed to provide any account of how the Notice of Improved Performance came about; to identify all persons, including HR personnel, involved in the decision to issue the Notice other than Ms. Hurst, or to identify any alternatives to the Notice considered by it. Defendant must supplement its response with this information. |
| **INT 7** | Complete and accurate account of memo of March 8, 2017. | Vague, overbroad, compound. | Def. did not answer the interrog. besides | See letter re: objections. |

| | | | | |
|---|---|---|---|---|
| | | | stating that Hurst issued the memo. | Defendant failed to provide any account of how the March 17, 2017 memo came about; to identify <u>all persons</u>, including HR personnel, involved in the decision to issue the memo other than Ms. Hurst; or to identify any alternatives to the memo considered by it. Defendant must supplement its response with this information. |
| **INT 8** | Complete and accurate account of PIP issued on March 15, 2017 | Vague, overbroad, compound. | Def. did not answer the interrog. besides stating that Hurst issued the PIP for the reasons stated in the PIP memo. | See letter re: objections.<br><br>Defendant failed to provide any account of how PIP came about; to identify <u>all persons</u>, including HR personnel, involved in the decision to issue the PIP other than Ms. Hurst; or to identify any alternatives to the PIP considered by it. Defendant must supplement its response with this information. |
| **INT 9** | Complete and accurate account of plaintiff's August 21, 2017 RA request, which was granted on Feb. 16, 2018 | Information equally available to both parties, compound. | Def. partially answered this interrog. | See letter re: objections.<br><br>Defendant provided some information in its response but failed to explain the process by which the RAB determined that plaintiff was eligible for a reasonable accommodation, explain the basis for its determination, or identify who in the RAB was involved in making that determination. Likewise, defendant failed to explain the process by which the RAC considered plaintiff's RA request, explain the basis for its decision, or identify who participated in that decision. Defendant must supplement its response with this information. |
| **INT 10** | Complete and accurate account of alternatives to pl's request for reassignment considered by def. | Privilege, work product. | Def. partially answered this interrog. | See letter re: objections.<br><br>Defendant failed to identify <u>all persons</u>, including HR personnel, involved in the consideration of alternative accommodations to plaintiff's request for reassignment other than Ms. Hurst and Ms. Brooks. If no other persons were involved in |

| | | | | |
|---|---|---|---|---|
| | | | | considering alternative accommodations, defendant must provide that clarification. |
| **INT 11** | N/A (missing from pl's discovery request) | | | |
| **INT 12** | Complete and accurate account of basis for proposal to remove of Sept. 15, 2017 | Vague, overly broad, compound. | Def. provided minimal response to this interrog. Referred to Hurst's proposal to remove and EEO affidavit. | See letter re: objections.<br><br>Defendant failed to provide any account of how the proposal to remove plaintiff came about; to identify all persons, including HR personnel, involved in the decision to issue the proposal to remove other than Ms. Hurst; or to identify any alternatives to the proposal to remove considered by it. Defendant must supplement its response with this information. |
| **INT 13** | Complete and accurate account of the cancellation of proposed removal issued on May 8, 2018 | Privilege, work product, vague, overly broad, compound. | Def. provided minimal response to this interrog. Referred to Constantine's Cancellation of Proposed Removal. | See letter re: objections.<br><br>Defendant failed to provide any account of how the cancellation of the proposed removal came about; to identify all persons, including HR personnel, involved in the decision to cancel the proposed removal other than Mr. Constantine and Ms. Hankinson; or to identify any alternatives to the proposal to remove considered by it. Defendant must supplement its response with this information. If no other persons were involved in the decision to cancel the proposed removal other than Mr. Constantine and Ms. Hankinson, defendant must provide that clarification. |
| **INT 14** | Complete and accurate account of def's implementation of plaintiff's RA. | Compound. | Defendant answered the interrog. | See letter re: objections.<br><br>Defendant's response appears satisfactory. |
| **INT 15** | Complete and accurate explanation of Defense No. 5 in Answer including all reasonable | Vague, overly broad, compound. | Referred to its response to INT 14. Identified def's non-competitive reassignment to CPD | See letter re: objections.<br><br>Defendant's response appears satisfactory. |

| | | | | |
|---|---|---|---|---|
| | accommodations def. made based on pl's requests. | | as the agency's accommodation of plaintiff. | |
| **INT 16** | Complete and accurate account of basis for Defense No. 6 in Answer that pl. is not entitled to damages and failed to mitigate damages. | Objected as premature as the parties have not yet completed discovery in this case. Will supplement as information is obtained through discovery. | | See letter re: objections.<br><br>Defendant must supplement its response when/if it learns information that is relevant to this interrogatory. |
| **INT 17** | Complete and accurate account of all information and persons that support your claims or defenses or impeach any of the persons identified in pl.'s Initial Disclosures. | Privilege, premature. Def. will supplement as information is obtained through discovery. | | See letter re: objections.<br><br>Defendant must supplement its response when/if it learns information that is relevant to this interrogatory. |
| **REQUESTS FOR PRODUCTION OF DOCUMENTS ("RFP")** | | | | |
| | **Subject of INT/RFP** | **Def. Objection** | **Def. Resp.** | **Pl. Resp./Objections** |
| **GEN** | | To the extent they impose burdens that go beyond Rules 26 and 34 Fed. R. Civ. P and Local Rules | | See letter. |
| **GEN** | | To the extent they seek documents that are privileged or "protected from disclosure as information prepared in anticipation of litigation or for trial." | | See letter. |
| **GEN** | | To the extent they would violate the Privacy Act | | See letter. |
| **GEN** | | To the extent the RFPs purport to assume facts | | See letter. |

| | | | | |
|---|---|---|---|---|
| | | that are inaccurate, are argumentative, or mischaracterize def's position. | | |
| **GEN** | | To the extent they are so confusing or vague as to not be susceptible to reasoned interpretation | | See letter. |
| **GEN** | | To the extent they seek documents readily available to plaintiff | | See letter. |
| **GEN** | | To the extent they seek documents in plaintiff's custody or control | | See letter. |
| **GEN** | | To the extent they seek documents that are not relevant. | | See letter. |
| **GEN** | | To the extent that the burden in responding is disproportionate to the needs of the case | | See letter. |
| **GEN** | | To the extent there are more practical and less burdensome methods for pl. to obtain the documents | | See letter. |
| **GEN** | | To the extent that the benefit of the documents is outweighed by the burden of obtaining them | | See letter. |
| **GEN** | | To the extent that the benefit of the documents is outweighed by the expense of obtaining them | | See letter. |

| | | | | |
|---|---|---|---|---|
| **GEN** | | Inadvertent production of privileged information is not a waiver | | See letter. |
| **RFP 1** | All docs that refer or relate to def's responses to interrogs. | Confusing, vague, ambiguous. | Referred generally to ROIS for HUD-00032-2017 and HUD-00121-2018 and def's responses to other RFPs | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 2** | All docs captured in response to e-searches. | Objected to e-searches as overbroad, disproportionate, seeking privileged information. | Def agreed to produce docs. with revised search terms – see response. | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 3** | All docs in pl's OPF | | Def agreed to produce | Defendant's response appears satisfactory. |
| **RFP 4** | Performance and conduct docs not within OPF | Not relevant, vague, overbroad, not proportional, equally available to plaintiff. | Def. stated it will provide performance reviews during time period relevant to complaint that are not in ROIs, as well as docs related to PIPs, OIP, and Notice of Proposed Removal. | See letter re: objections. As to relevance, several of plaintiff's claims assert that she was discriminated and retaliated against when she was subjected to adverse performance-based actions. Accordingly, her history of performance is central to those claims and unquestionably relevant.<br><br>Only provided FY 2015 year-end appraisal; FY 2016 mid-year and year-end appraisals; FY 2017 mid-year; and FY 2018 mid-year. Defendant must supplement its response with the missing documents. Additionally, if there are other documents relevant to this RFP, <u>including email correspondence or other electronically stored documents</u>, defendant must provide them. |
| **RFP 5** | Position Descriptions for pl. from Sept. 21, 2014 to present | | Def agreed to provide the documents | Defendant's response appears satisfactory. |

| | | | | |
|---|---|---|---|---|
| **RFP 6** | Docs from which the following can be derived on a quarterly basis from Jan. 1, 2014 to present: Misc. Authorized positions at GS-12 and GS-13 levels filled and unfilled in OCHCO. | Overbroad, relevance. | Def. stated it will provide spreadsheet showing OCHCO vacancies from 2015 to present. | See letter re: objections. As to relevance, plaintiff has asserted that defendant failed to conduct a diligent agency-wide search for suitable positions for her in order to be reassigned out of LER. E.g., Cplt. ¶162. Accordingly, this information is relevant.<br><br>Defendant's response appears satisfactory beginning in 2015. |
| **RFP 7** | All policies, handbooks, guidance, etc. re: process by which reasonable accommodation will be offered or denied to employees of HUD from 2016 to present. | Vague, overbroad, not proportional. | Referred Pl to HUD Handbook, bargaining agreements, and misc. other RA documents. Def. provided an RA brochure, Q&A docs, and other misc. docs. | See letter re: objections.<br><br>Defendant does not appear to have produced the HUD Handbook or the referenced bargaining agreements. If these documents are in one of the EEO Reports of Investigation, defendant must identify the relevant page numbers. Otherwise, defendant must supplement its response with these documents. |
| **RFP 8** | Docs from which function and mission of OCHCO can be derived from Jan. 1, 2014 to present | Relevance. | Def stated it will provide OCHCO webpage listing mission of OCHCO and function statements of OCHCO offices | See letter re: objections. As to relevance, plaintiff has asserted that defendant failed to conduct a diligent agency-wide search for suitable positions for her in order to be reassigned out of LER, including other positions in OCHCO. E.g., Cplt. ¶162. Accordingly, this information is relevant.<br><br>Defendant's response appears satisfactory |
| **RFP 9** | Docs from which function and mission of ELRD can be derived from Jan. 1, 2014 to present | Relevance | Def stated it will provide ELRD webpage describing function of ELRD | See letter re: objections.<br><br>Defendant's response appears satisfactory |
| **RFP 10** | Docs from which function and mission of the RA Branch can be derived from Jan. 1, 2014 to present | Relevance | Def referred pl to the HUD Handbook, collective bargaining agreements, and some additional docs | See letter re: objections. As to relevance, plaintiff has raised claims of failure to accommodate, and the RA Branch was involved in evaluating and responding to her RA claims in this case. |

| | | | | |
|---|---|---|---|---|
| | | | provided in their response | Accordingly, the function of that office according to the agency is relevant.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 11** | This appears to be a duplicate of RFP 10 | | | |
| **RFP 12** | Docs from which function and mission of the Employee Health and Wellness Division can be derived from Jan. 1, 2014 to present | Relevance | Def provided a printout of the EHW webpage | See letter re: objections. As to relevance, the position into which plaintiff was ultimately reassigned is located in EHW Division. Accordingly, the function of that division is relevant to plaintiff's claims.<br><br>Defendant's response appears satisfactory |
| **RFP 13** | Docs related to the PIP issued to pl on Sept. 19, 2016 | Privilege | Referred pl to ROI and said it will provide responsive docs | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 14** | Docs related to the creation, advertisement, selection, nonselection, and cancellation of VA 17-HUD-501 | Confusing, overbroad, not relevant | Def. provided applicant listing, job announcement, counselor's report from Crews' informal complaint reflecting statement from Phillip Burrows about the cancellation of 17-HUD-501 and re-announcement of 17-HUD-691; and email from Jackie Cumber re: desire to revise the JAA for 17-HUD-501. | See letter re: objections. As to relevance, plaintiff specifically alleged in the Complaint that she was denied an opportunity to transfer out of ELR when this vacancy was cancelled. Cplt. ¶¶43-47.<br><br>If there are other documents relevant to this RFP, <u>including email correspondence or other electronically stored documents</u>, defendant must provide them. |
| **RFP 15** | Documents from which the name, grade | Confusing, overbroad, not relevant | Def stated it will provide vacancy | See letter re: objections. As to relevance, plaintiff specifically alleged in the Complaint that she was |

| | | | | |
|---|---|---|---|---|
| | and job series can be derived for any incumbent for the position listed in RFP 14 or any position in the same job series as that position within OCHCO and outside of ELRD that was abolished or not filled as part of creating the position identified in RFP 14 | | announcements and applicant listing reports for 17 HUD-501 and 17-HUD-691. Defendant's searches are ongoing and will be supplemented if any addt'l docs are located | improperly denied an opportunity to transfer out of ELRD by the agency in violation of the Rehab Act. Accordingly, the availability of other positions in OCHCO outside of ELRD is relevant. Cplt. ¶¶43-47.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 16** | Docs related to the creation, advertisement, selection, nonselection, and cancellation of VA 17-HUD-691 | Confusing, overbroad, not relevant | Def provided two applicant reports showing applicants and selectee, job announcement, and counselor's report from Crews' informal complaint reflecting statement from Phillip Burrows about the cancellation of 17-HUD-501 and re-announcement of 17-HUD-691. Defendant stated its searches are ongoing and will be supplemented if any addt'l docs are located | See letter re: objections. As to relevance, 17-HUD-691 was one of the positions into which plaintiff alleged she could have been transferred pursuant to her RA request. Cplt. ¶¶108-109.<br><br>If there are other documents relevant to this RFP, <u>including email correspondence or other electronically stored documents</u>, defendant must provide them. |
| **RFP 17** | Documents from which the name, grade and job series can be derived for any | Confusing, overbroad, not relevant | Def stated it will provide vacancy announcements and applicant listing | See letter re: objections. As to relevance, plaintiff specifically alleged in the Complaint that she was improperly denied an opportunity to transfer out of ELRD by the agency in violation of the Rehab Act. |

| | | | | |
|---|---|---|---|---|
| | incumbent for the position listed in RFP 16 or any position in the same job series as that position within OCHCO and outside of ELRD that was abolished or not filled as part of creating the position identified in RFP 15 | | reports for 17 HUD-501 and 17-HUD-691. Defendant's searches are ongoing and will be supplemented if any addt'l docs are located | Accordingly, the availability of other positions in OCHCO outside of ELRD is relevant. Cplt. ¶¶43-47.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 18** | Docs related to the creation, advertisement, selection, nonselection, and cancellation of VA 17-HUD-171 | Relevance | Def provided applicant listing report showing rating and ranking scores, vacancy announcement, notes from Crews interview, and memo from Michalski re: Crews' placement in position through RA process.<br><br>Def stated it will not provide application materials or evaluations for applicants other than plaintiff as those are not relevant. | See letter re: objections. As to relevance, this is the very position that defendant claims it transferred plaintiff into as a reasonable accommodation. Plaintiff has alleged that she located the position and applied for it on her own, and should have been transferred as a GS-13. Cplt. ¶¶162-69.<br><br>At a minimum, defendant must provide the application materials and interview sheets for the two applicants whom it initially selected for the positions (Camille Henry and Justin Brock), as well as any documents relevant to defendant's determination that plaintiff was only eligible to be reassigned at the GS-12 grade level. Additionally, if there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 19** | Docs that refer or relate to the issuance of the OIP on Dec. 19, 2016 | Burdensome, not proportional, privilege | Def refers pl to the ROI and produced the OIP memo and weekly performance | See letter re: objections.<br>Defendant must identify the page numbers of any specific portions of the ROI(s) to which it refers plaintiff. Additionally, if there are other documents relevant to this RFP, including email |

| | | | | |
|---|---|---|---|---|
| | | | memos from Hurst during the OIP | correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 20** | Docs that refer or relate to the issuance of the Notice of Improved Performance on March 7, 2017 | Privilege | Def stated it will provide docs responsive to this request | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 21** | Docs that refer or relate to issuance of the memo of March 8, 2017 to pl. | Privilege | Def stated it will provide docs responsive to this request | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 22** | Docs that refer or relate to the PIP issued to pl. on March 15, 2017 | Burdensome, not proportional, privilege | Def stated it will provide docs responsive to this request | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 23** | Docs that refer or related to pl's RA request of Aug. 21, 2017. | Docs are equally available to Pl. Burdensome, not proportional, privilege | Def. provided a number of docs in response to this RFP including emails, some of which are redacted per the redaction log. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 24** | To the extent not already provided in RFP 23, all docs that refer or related to pl's request for reassignment outside supervision of Sullivan | Vague | Def. provided a number of docs in response to this RFP including emails, some of which are redacted per the redaction log. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 25** | To the extent not provided in response to RFP 23-24, docs that refer or relate to def's consideration or implementation of an RA for pl other than | Privilege, vague | Def. provided a number of docs in response to this RFP including emails, some of which are redacted per the redaction log. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |

| | | | | |
|---|---|---|---|---|
| | being reassigned outside the supervision of Sullivan | | | |
| **RFP 26** | Docs that refer or relate to def's implementation of pl's RA and/or request for reassignment | Privilege | Def. provided a number of docs in response to this RFP including emails, some of which are redacted per the redaction log. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, <u>including email correspondence or other electronically stored documents</u>, defendant must provide them. |
| **RFP 27** | Docs that refer or relate to Proposal to Remove for Unacceptable Performance of Sept. 15, 2017 | Privilege | Def provided the proposed removal and accompanying exhibits. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, <u>including email correspondence or other electronically stored documents</u>, defendant must provide them. |
| **RFP 28** | Docs that refer or relate to the cancellation of proposed removal issued to pl. on May 8, 2018 | Privilege | Def stated it will provide docs responsive to this request | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 29** | Docs that refer or relate to prior EEO and other complaints against Sullivan, Constantine, Brooks, Gaither | Overly broad, relevance. Pl. has not alleged that Constantine, Brooks, or Gaither have discriminated or retaliated against her. | Def. agreed to provide EEO complaints filed with HUD's ODEO naming Sullivan as RMO. Def. provided a 2018 EEO complaint (but no ROI or other info.) by Bilal Assaad against Sullivan, as well as Keisha Hurst's EEO complaints. | See letter re: objections. As to relevance, the existence of similarly situated employees who were treated similarly by the agency can be evidence of illegal motive by defendant. <u>See</u> <u>Sprint/United Mgmt. Co. v. Mendelsohn</u>, 128 S.Ct. 1140 (2008).<br><br>Defendant's production is inadequate. Defendant must supplement its response to provide the complaint(s) filed by Ms. Assaad as well as any Report of Investigation or other documents relevant to that complaint. Additionally, Plaintiff does not agree to defendant's limitation in its response to "EEO complaints filed with HUD's [ODEO]" for |

| | | | | |
|---|---|---|---|---|
| | | | | Mr. Sullivan or any of the named management officials.<br><br>Regarding Mr. Constantine, Ms. Gaither, and Ms. Brooks, the RFP specifically states that plaintiff is seeking complaints "in which any of the following persons was alleged to have engaged in, **tolerated, or failed to remedy such discrimination, retaliation, or hostile work environment**…" (emphasis supplied). The highlighted language is relevant to Mr. Constantine, Ms. Gaither, and Ms. Brooks as plaintiff has asserted that they failed to take action to stop Mr. Sullivan's discrimination and retaliation against her, and his subjection of her to a hostile work environment. Accordingly, any responsive documents must be produced. |
| **RFP 30** | Docs that refer or relate to Section B, bullet 5 of def's Initial Disclosures | Privilege | Def. provided a number of docs in response to this RFP including emails, some of which are redacted per the redaction log. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, <u>including email correspondence or other electronically stored documents</u>, defendant must provide them. |
| **RFP 31** | Docs that refer or relate to Defense No. 5 in your Answer that defendant made reasonable accommodations based on pl's requests | Privilege | Def stated it will provide docs responsive to this request | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 32** | Docs that refer or relate to Defense No. 6 in your Answer that pl. is not entitled to | Premature | Def. stated it will produce documents in response to this RFP as they are obtained through discovery | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |

| | | | | |
|---|---|---|---|---|
| | damages and failed to mitigate damages | | | |
| **RFP 33** | To the extent not already produced, all docs that support your claims or impeach any of the persons listed in pl's Initial Disclosures | Vague, overly broad, atty-client privileged, work product, deliberative process privilege | Def. stated it will not produce these documents. | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |