1319 F Street NW
Suite 200
Washington, DC 20004

SBA
Seldon Bofinger
&
Associates, P.C.

Office: (202) 393-8200
Ext. 101
SELDONBOFINGER.COM

ANGELA ST. PIERRE
ASP@SBA-PC.COM

July 8, 2022

**VIA EMAIL**
AUSA Thomas Duffey, Esq.
Office of the U.S. Attorney for the
District of Columbia
501 3rd Street, NW
4th Floor
Washington, D.C. 20530

Re: Crews v. Carson, Civ. Action No. 19-3538 (CRC);
Hurst v. Fudge, Civ. Action No. 20-3123 (CRC)

Dear Mr. Duffey:

After receiving Defendant's discovery responses and objections in both Crews v. Fudge and Hurst v. Fudge, we request that Defendant contact us immediately to arrange a conference next week.

Judge Cooper's Minute Orders in Crews and Hurst ordered Defendant to respond to Plaintiff's discovery by June 30, 2022, and ordered that discovery would close on September 30, 2022. The Court's Orders also stated that: "Absent extraordinary circumstances, the Court will not look favorably on future requests for extension of discovery deadlines." This admonishment was directed toward Defendant, not Plaintiffs, because of its inexcusable delays in responding to discovery. Completing discovery within the timeframe set by Judge Cooper was obviously going to require a diligent, concerted effort by Defendant. Its effort falls far short and is jeopardizing his deadline.

Molly Buie's earlier letters to you specifically identified the types of vague and ill-defined objections and claims of privilege that have uniformly been stricken in decisions; are inconsistent with Rule 34(b)(2(C), Fed. R. Civ. P., and Rule 26(b)(5)(A), Fed. R. Civ. P.; and are criticized in pertinent Advisory Committee Notes. Despite being put on notice that we would not accept a blunderbuss of imprecise objections and privilege claims, Defendant interposed them repeatedly in responding to discovery in both Crews and Hurst. For your reference, copies of Ms. Buie's letters are attached.

There are steps that are essential for getting responses to both Plaintiffs' written and electronic discovery back on track in order to meet Judge Cooper's deadline of September 30th, bearing in mind that under his Revised Scheduling Order of March 17, 2021, Plaintiffs are entitled to take up to 15 depositions. ECF #30. In other words, Plaintiffs are entitled to a prompt response to all of their written and electronic discovery with sufficient time to prepare for and take depositions.

We are prepared to confer with you at the beginning of next week to agree upon a schedule for the remainder of the discovery period to be submitted to Judge Cooper. That will entail conferring about Defendant's withdrawal of all of its general objections to Plaintiffs' discovery, its unsupported specific objections, and its claims of privilege. They are all not only baseless but they have long since been waived. We also need to confer about Defendant's failure to identify information and documents that it is withholding.

Further, Plaintiffs' written discovery specifically required Defendant to conduct both manual and electronic searches for documents. Defendant has given no inkling what it searched for or how. From what we can tell, and Molly Buie's letters of last week and related emails stated, Defendant did not undertake the individual electronic searches specified by Plaintiff and may well have changed search terms. None of this would have occurred if Defendant had conferred about electronic discovery as Plaintiffs requested at the outset. Plaintiffs were entitled to define and confer about search terms, and to know what the Defendant searched and how, and what the search produced. Defendant has failed to provide that information.

Mr. Duffey, please contact me so we can set up a conference. This is a necessary step to meet Judge Cooper's deadline of September 30th. We need to reach an agreement on a date when Defendant will provide complete responses to written and electronic discovery by a date certain, in no event later than July 31st. This must be done immediately to meet the Court's discovery cut-off. If Defendant is unable or unwilling to reach an agreement on this timetable or to resolve the issues identified earlier, we will arrange for a joint call with Chambers to alert Judge Cooper to these issues, and request a status conference to take up the issue of striking Defendant's objections, claims of privilege, and failures to provide adequate responses and clarification of the electronic search terms we requested.

Please reach out to me at asp@sba-pc.com or 202-393-8200 to schedule a conference and I will make arrangements for a conference call with you, me, and Bob.

Sincerely,

*Angela St. Pierre*

Angela K. St. Pierre, Esq.

Encl.

1319 F Street NW
Suite 200
Washington, DC 20004

SBA
Seldon Bofinger
&
Associates, P.C.

Office: (202) 393-8200
Cell: (202) 841-5038
seldonbofinger.com

Molly Buie
meb@sba-pc.com

June 27, 2022

**VIA EMAIL**
AUSA Thomas Duffey, Esq.
Office of the U.S. Attorney for the
District of Columbia
501 3rd Street, NW
4th Floor
Washington, D.C. 20530

Re: Crews v. Carson, No. 19-3538

Dear Tom:

As you know, Defendant recently completed its responses to our written discovery in Hurst v. Fudge, No. 10-3123. As such, we are now undertaking a comprehensive review of Defendant's responses in that case and in Crews to determine whether there are any outstanding issues that need to be addressed before the parties move forward with depositions. This letter concerns deficiencies we have identified in the Crews matter. A separate letter will follow later this week regarding Hurst.

With respect to Defendant's specific responses to plaintiff's Interrogatories and Requests for Production, I have outlined the issues Plaintiff has identified in the attached chart. Additionally, as I have explained in my email communications with you, we do not have any documents from defendant in response to Requests for Production (RFPs) 1-2, 10, 13, 15, 17, 20-22, 28, 31-33. This includes Defendant's responses to our e-discovery requests, which were incorporated through RFP No. 2. Defendant must provide the outstanding documents immediately so we can assess the adequacy of Defendant's response and follow up as needed.

In terms of the numerous general and specific objections Defendant raised in its responses, I have set out Plaintiff's responses below.

**Boilerplate Objections:** Defendant listed 9 General Objections at the beginning of its Interrogatory responses and 13 at the beginning of its responses to Plaintiff's Requests for Production. Defendant included many of the same boilerplate objections in responding to specific Interrogatories and RFPs. It is unclear, however, whether Defendant has actually withheld any

documents or information pursuant to these objections and, if it did, the specific grounds for doing so.

Interposing boilerplate objections and then answering Plaintiff's discovery requests without waiving the objections is not sufficient to adequately respond to discovery. See Fed. R. Civ. P 33(b)(4) and 34(b)(2)(C); Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 181, 191 (D.D.C. 1998); Liguria Foods, Inc. v. Griffith-Laboratories, Inc., 320 FRD 168 (ND Iowa 2017); Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358-59 (D. Md. 2008) (collecting cases); Steed v. EverHome Mortg. Co., Appeal No. 08-13476, 2009 WL 139507 at *4 (11th Cir. 2009); Burlington Northern v. Santa Fe Ry. Co. 408 F.3d 1142, 1147-48 (9th Cir. 2005). That is why, for example, Instruction No. 7 to Plaintiff's discovery requests identified the information that must be provided by a responding party who objects on the grounds of burdensomeness or proportionality. In some instances, vague and non-specific responses that are not cured during meet and confer exchanges may be treated as a failure to answer pursuant to Rule 37(a)(4). See Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. at 191.

This same issue came up in a discovery dispute we had recently in another case. There, Magistrate Judge Robinson found that the defendant had waived all objections it did not raise with specificity, including all proportionality and burden-related objections, which require the submission of affidavits or other evidence that "reveals the nature of the burden." Ronaldson v. National Assn. Home Builders, No. 19-01034 at ECF #68 (citing Convertino v. U.S. Dept. of Justice, 565 F. Supp. 2d. 10, 14 (D.D.C. 2008)).

All of Defendant's boilerplate objections in this case (i.e., vague, not proportional, burdensome, overbroad, etc.), including all of its General Objections, are similarly flawed and invalid to justify withholding any information or documents in this case. Defendant must immediately either withdraw the objections, provide the specific bases for each of its objections and explain what evidence was withheld, or confirm that no information or documents have been withheld based upon them as required by Fed. R. Civ. P. 34(b)(2(C).

**Compound/Subparts:** In responding to all or nearly all of Plaintiff's Interrogatories, Defendant objected on the ground that each interrogatory was supposedly compound and contained "discrete subparts that together add up to more than 40 interrogatories." That is not a valid way to count the total number of Plaintiff's Interrogatories, which only totaled 17. None of the interrogatories propounded by Plaintiff is compound or contains discrete subparts that add up to more than 40 interrogatories. The sub-parts merely provide examples of the specific information Defendant should include in a complete answer. "An interrogatory directed at eliciting details concerning a *common theme* should not be counted as multiple interrogatories." In re ULLICO Inc. Litigation, 2006 WL 2398742 at *2 (D.D.C.) (internal quotations omitted) (emphasis supplied); see Banks v. Office of the Senate Sergeant At Arms, 222 F.R.D. 7, 11 (D.D.C. 2004); Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005). The Advisory Committee notes to the 1993 amendment to Rule 33(a)(1), which was repeatedly cited by Defendant, specifically recognized that an interrogatory with sub-parts that seeks information on one subject counts as one interrogatory. For example, "a question asking about communications" concerning one integrated subject is "treated as a single interrogatory even though it requests that the time, place, persons

present, and contents be stated separately for each such communication." *See also,* 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 39–40 (3d ed. 2010) ("an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question."). Plaintiff is entitled to answers to all of her Interrogatories and all of their sub-parts.

**E-Discovery:** Plaintiff's Request for Production No. 2 sought "all documents captured in response to the electronic searches specified in Attachment A to this Request for Production." That attachment contained a number of searches, each specifying the individuals whose documents were to be searched, a date range for the search, and the search terms to be used along with terms and connectors meant to limit the results to relevant documents.

In conferring for the Rule 16 Report, we specifically asked Defendant to alert us if any of the e-discovery searches were generating too many hits or too many irrelevant documents so that we could work with Defendant to narrow the requests. This is a process that we have undertaken in numerous cases with excellent results.

Rather than do that, Defendant made the unilateral decision to extensively revise the search terms and dates for Searches 1-4, 6-12, 14-15, and 18-29. It refused to produce any documents for Searches 6 and 13, supposedly because the documents sought are equally available to Plaintiff. Defendant likewise refused to respond to Searches 16 and 17 based on unsupported burdensome and relevance objections. While Defendant did provide an Excel spreadsheet showing which documents were responsive to which searches, to date it has not provided the actual documents.

Defendant's objections that Plaintiff's electronic searches were "overbroad because they are not limited to specific relevant time periods, contain terms and combinations of terms not tailored to return documents relevant to Plaintiff's claims, and do not reasonably describe any specific records sought be Plaintiff" are belied by Plaintiff's searches, each one of which describes the general subject of the documents sought at the top in parenthesis, provides a date range – some as short as a couple of months – and includes specific search terms that are aimed at locating relevant documents.

Defendant's actions in revising the search terms and withholding the responsive documents are unacceptable and do not demonstrate a good faith effort to work cooperatively in the discovery process. Defendant must immediately produce the documents that resulted from its revised searches and schedule a meet and confer session with us to provide evidence of the alleged burdensomeness of Plaintiff's original search terms, including how many documents each one generated.

**Other Electronic Document Discovery:** Defendant's responses to Plaintiff's Requests for Production of Documents do not state whether the agency manually searched for responsive, electronically stored documents, such as e-mails, or whether it limited its search for electronic documents to the revised keyword searches it conducted pursuant to Plaintiff's RFP No. 2. The definition of "Document" in Plaintiff's discovery instructions clearly states that Defendant had an obligation to search for both hard copy documents and electronically stored documents. If

Defendant did not search for responsive electronic documents in responding to Plaintiff's RFPs, including e-mails, it must do so immediately.

**Privilege Objections/Redactions:** Defendant raised several privilege objections in responding to Plaintiff's RFPs and provided a log of allegedly privileged documents and redacted information; however, it did not identify to which RFPs the withheld/redacted documents were responsive. Additionally, the logs seemingly refer to Bates numbers in the "control number" column, but the documents that were produced by defendant are not Bates stamped, so Plaintiff has no way to match them up. Plaintiff cannot adequately assess Defendant's privilege objections without the missing information. Please immediately provide the requested information.

As to Defendant's deliberative process privilege objections, that privilege does not apply when a cause of action is directed at a government agency's intent and/or its subjective motivations, as Plaintiff's claims are. See In re: Subpoena Duces Tecum, 156 F.3d 1279, 1280 (D.C. Cir. 1998). Moreover, Defendant has not provided any information to support its objections, such as specific facts from an agency head demonstrating why each document is "deliberative" and "predecisional;" specific facts concerning the degree and type of harm that would result from requiring production of each document; and identifying what portions of each document are deliberative and, if specific sections are purely factual, why those sections cannot be produced. See e.g., L.H. v. Schwarzenegger, 2008 WL 2073958, *7 (E.D. Cal. May 14, 2008). In short, this is not a valid objection and any documents withheld on this basis must be produced.

**Signature by Agency Counsel:** Defendant's responses to Plaintiff's Interrogatories were signed by Agency Counsel Margaret Baldwin. That is inappropriate as Ms. Baldwin states that she does not have personal knowledge of the events described. Additionally, unless Defendant agrees to waive attorney-client privilege, Ms. Baldwin cannot be called to testify about the substance of the conversations she had that that led to Defendant's responses. In lieu of Ms. Baldwin's certification, Defendant may identify the persons who provided substantive information for each Interrogatory response.

As I have mentioned previously, after many years with Seldon Bofinger, I will be leaving the firm at the end of this month. Bob Seldon will be taking over as lead counsel in both this case and in Hurst. Our new associate, Angela St. Pierre will also be working on the case along with our paralegal, Kirby York, whom you know. Mr. Seldon's email address is rcs@sba-pc.com. Please be sure to direct all correspondence to his attention from this point forward. Thank you.

Very truly yours,

Molly Buie

cc: Anita Crews
Enclosure: Discovery Chart

# Chart Re: Def. Resp. Pl. 1st Set of Interrogatories and Requests for Production of Documents in Crews v. Carson, No. 19-3538 (CRC)

| INTERROGATORIES ("INT") | | | | |
|---|---|---|---|---|
| | **Subject of INT/RFP** | **Def. Objection** | **Def. Resp.** | **Pl. Resp./Objections** |
| **GEN** | | Overly broad, seek irrelevant information, not proportional | | See letter of June 27, 2022 |
| **GEN** | | Unduly Burdensome/duplicative | | See letter |
| **GEN** | | Compound/ Contain un-Identified subparts that add up to more than 40 interrogatories | | See letter |
| **GEN** | | Vague/Ambiguous | | See letter |
| **GEN** | | Privileged, including atty-client, work product, law enforcement, deliberative process, and joint defense privileges | | See letter |
| **GEN** | | Misc. other objections Nos. 6-9 | | See letter |
| **INT 1** | Complete and accurate account of advertisement for VA 17-HUD-501 including reasons for rescinding the announcement | Relevance, proportionality, vague, overly broad, compound | Def. provided minimal response to interrog. Did not provide most of requested information – referred to vacancy announcement. | See letter re: objections. As to relevance, plaintiff specifically alleged in the Complaint that she was denied an opportunity to transfer out of ELR when this vacancy was cancelled. Cplt. ¶¶43-47.<br><br>Defendant stated that Jackie Cumber was the hiring official and that "a decision was made to revise the Announcement, so it was cancelled on May 17, 2017," but did not provide any further explanation. Per the interrogatory, at a minimum, defendant must explain reasons for canceling ore rescinding the Vacancy Announcement and identify all persons, including HR personnel, involved in the foregoing decisions and actions. |

| | | | | |
|---|---|---|---|---|
| **INT 2** | Complete and accurate account of advertisement for VA 17-HUD-691 including reasons for advertising more than once with different closing dates | Relevance, proportionality, vague, overly broad, compound | Defendant provided almost no information and referred to vacancy announcement. | See letter re: objections. As to relevance, 1-HUD-691 was one of the positions into which plaintiff alleged she could have been transferred pursuant to her RA request. Cplt. ¶¶108-109.<br><br>Defendant must provide the information sought in the interrogatory including providing an account of its selection (or failure to make a selection) under this announcement; the reasons it advertised the position more than once with two closing dates; the availability of or preference for disabled individuals for the position; and identifying <u>all persons</u>, including HR personnel, involved in the foregoing decisions. Defendant must supplement its response with this information. |
| **INT 3** | Complete and accurate account of advertisement for VA 18-HUD-691 [supposed to be 18-HUD-171] including reasons for selecting plaintiff and offering plaintiff that position as a GS-12 | Relevance, proportionality, vague, overly broad, compound | Def. partially answered the interrog. | See letter re: objections. As to relevance, this is the very position that defendant claims it transferred plaintiff into as a reasonable accommodation. Plaintiff has alleged that she located the position and applied for the position on her own, and should have been transferred as a GS-13. Cplt. ¶¶162-69.<br><br>While defendant did provide some information in response to this interrogatory, it failed to identify the process by which applicants were evaluated and ranked; the process by which it reviewed, examined and/or screened applicants; its reasons for selecting the original selectees (Henry and Brock) and not selecting plaintiff; its reasons for selecting plaintiff as a GS-12 instead of a GS-13; and identifying any personnel other than Proctor, DeBlasio, and Suchar involved in the selection. Defendant also failed to explain its reasons for asking OCHCO to reconsider plaintiff's reassignment into the position. Defendant must supplement its response with this information. |

| | | | | |
|---|---|---|---|---|
| **INT 4** | Complete and accurate account of PIP issued to plaintiff on Sept. 19, 2016. | Vague, overbroad, compound. | Def. partially answered the interrog. Referred to Hurst's Sept. 2016 memorandum to Crews; Hurst's EEO affidavit and MSPB testimony. | See letter re: objections.<br><br>In its response, defendant states that "some of the performance deficiencies identified in Ms. Crews's PIP involved complaints Ms. Hurst received directly from program office clients. Some involved complaints made to Joseph Sullivan…" but failed to specify which complaints it was referring to, identify the subjects of the complaints, or provide documents evidencing such complaints. Defendant also failed to identify all persons, including HR personnel, involved in the decision to issue the PIP other than Ms. Hurst and Mr. Sullivan; and to identify any alternatives to the PIP considered by it. Defendant must supplement its response with this information. |
| **INT 5** | Complete and accurate account of OIP issued to plaintiff on Dec. 19, 2016 | Vague, overbroad, compound. | Def. partially answered the interrog. Referred to Hurst's OIP memorandum to Crews; Hurst's EEO affidavit and MSPB testimony. | See letter re: objections.<br><br>Defendant failed to provide any account of how OIP came about; to identify all persons, including HR personnel, involved in the decision to issue the OIP other than Ms. Hurst, or to identify any alternatives to the OIP considered by it. Defendant must supplement its response with this information. |
| **INT 6** | Complete and accurate account of Notice of Improved Performance of March 7, 2017 | | Def. partially answered this interrog. | See letter re: objections.<br><br>Defendant failed to provide any account of how the Notice of Improved Performance came about; to identify all persons, including HR personnel, involved in the decision to issue the Notice other than Ms. Hurst, or to identify any alternatives to the Notice considered by it. Defendant must supplement its response with this information. |
| **INT 7** | Complete and accurate account of memo of March 8, 2017. | Vague, overbroad, compound. | Def. did not answer the interrog. besides | See letter re: objections. |

| | | | | |
|---|---|---|---|---|
| | | | stating that Hurst issued the memo. | Defendant failed to provide any account of how the March 17, 2017 memo came about; to identify all persons, including HR personnel, involved in the decision to issue the memo other than Ms. Hurst; or to identify any alternatives to the memo considered by it. Defendant must supplement its response with this information. |
| **INT 8** | Complete and accurate account of PIP issued on March 15, 2017 | Vague, overbroad, compound. | Def. did not answer the interrog. besides stating that Hurst issued the PIP for the reasons stated in the PIP memo. | See letter re: objections.<br><br>Defendant failed to provide any account of how PIP came about; to identify all persons, including HR personnel, involved in the decision to issue the PIP other than Ms. Hurst; or to identify any alternatives to the PIP considered by it. Defendant must supplement its response with this information. |
| **INT 9** | Complete and accurate account of plaintiff's August 21, 2017 RA request, which was granted on Feb. 16, 2018 | Information equally available to both parties, compound. | Def. partially answered this interrog. | See letter re: objections.<br><br>Defendant provided some information in its response but failed to explain the process by which the RAB determined that plaintiff was eligible for a reasonable accommodation, explain the basis for its determination, or identify who in the RAB was involved in making that determination. Likewise, defendant failed to explain the process by which the RAC considered plaintiff's RA request, explain the basis for its decision, or identify who participated in that decision. Defendant must supplement its response with this information. |
| **INT 10** | Complete and accurate account of alternatives to pl's request for reassignment considered by def. | Privilege, work product. | Def. partially answered this interrog. | See letter re: objections.<br><br>Defendant failed to identify all persons, including HR personnel, involved in the consideration of alternative accommodations to plaintiff's request for reassignment other than Ms. Hurst and Ms. Brooks. If no other persons were involved in |

| | | | | |
|---|---|---|---|---|
| | | | | considering alternative accommodations, defendant must provide that clarification. |
| **INT 11** | N/A (missing from pl's discovery request) | | | |
| **INT 12** | Complete and accurate account of basis for proposal to remove of Sept. 15, 2017 | Vague, overly broad, compound. | Def. provided minimal response to this interrog. Referred to Hurst's proposal to remove and EEO affidavit. | See letter re: objections.<br><br>Defendant failed to provide any account of how the proposal to remove plaintiff came about; to identify all persons, including HR personnel, involved in the decision to issue the proposal to remove other than Ms. Hurst; or to identify any alternatives to the proposal to remove considered by it. Defendant must supplement its response with this information. |
| **INT 13** | Complete and accurate account of the cancellation of proposed removal issued on May 8, 2018 | Privilege, work product, vague, overly broad, compound. | Def. provided minimal response to this interrog. Referred to Constantine's Cancellation of Proposed Removal. | See letter re: objections.<br><br>Defendant failed to provide any account of how the cancellation of the proposed removal came about; to identify all persons, including HR personnel, involved in the decision to cancel the proposed removal other than Mr. Constantine and Ms. Hankinson; or to identify any alternatives to the proposal to remove considered by it. Defendant must supplement its response with this information. If no other persons were involved in the decision to cancel the proposed removal other than Mr. Constantine and Ms. Hankinson, defendant must provide that clarification. |
| **INT 14** | Complete and accurate account of def's implementation of plaintiff's RA. | Compound. | Defendant answered the interrog. | See letter re: objections.<br><br>Defendant's response appears satisfactory. |
| **INT 15** | Complete and accurate explanation of Defense No. 5 in Answer including all reasonable | Vague, overly broad, compound. | Referred to its response to INT 14. Identified def's non-competitive reassignment to CPD | See letter re: objections.<br><br>Defendant's response appears satisfactory. |

| | | | | |
|---|---|---|---|---|
| | accommodations def. made based on pl's requests. | | as the agency's accommodation of plaintiff. | |
| **INT 16** | Complete and accurate account of basis for Defense No. 6 in Answer that pl. is not entitled to damages and failed to mitigate damages. | Objected as premature as the parties have not yet completed discovery in this case. Will supplement as information is obtained through discovery. | | See letter re: objections.<br><br>Defendant must supplement its response when/if it learns information that is relevant to this interrogatory. |
| **INT 17** | Complete and accurate account of all information and persons that support your claims or defenses or impeach any of the persons identified in pl.'s Initial Disclosures. | Privilege, premature. Def. will supplement as information is obtained through discovery. | | See letter re: objections.<br><br>Defendant must supplement its response when/if it learns information that is relevant to this interrogatory. |
| **REQUESTS FOR PRODUCTION OF DOCUMENTS ("RFP")** | | | | |
| | **Subject of INT/RFP** | **Def. Objection** | **Def. Resp.** | **Pl. Resp./Objections** |
| **GEN** | | To the extent they impose burdens that go beyond Rules 26 and 34 Fed. R. Civ. P and Local Rules | | See letter. |
| **GEN** | | To the extent they seek documents that are privileged or "protected from disclosure as information prepared in anticipation of litigation or for trial." | | See letter. |
| **GEN** | | To the extent they would violate the Privacy Act | | See letter. |
| **GEN** | | To the extent the RFPs purport to assume facts | | See letter. |

| | | | | |
|---|---|---|---|---|
| | | that are inaccurate, are argumentative, or mischaracterize def's position. | | |
| **GEN** | | To the extent they are so confusing or vague as to not be susceptible to reasoned interpretation | | See letter. |
| **GEN** | | To the extent they seek documents readily available to plaintiff | | See letter. |
| **GEN** | | To the extent they seek documents in plaintiff's custody or control | | See letter. |
| **GEN** | | To the extent they seek documents that are not relevant. | | See letter. |
| **GEN** | | To the extent that the burden in responding is disproportionate to the needs of the case | | See letter. |
| **GEN** | | To the extent there are more practical and less burdensome methods for pl. to obtain the documents | | See letter. |
| **GEN** | | To the extent that the benefit of the documents is outweighed by the burden of obtaining them | | See letter. |
| **GEN** | | To the extent that the benefit of the documents is outweighed by the expense of obtaining them | | See letter. |

| | | | | |
|---|---|---|---|---|
| **GEN** | | Inadvertent production of privileged information is not a waiver | | See letter. |
| **RFP 1** | All docs that refer or relate to def's responses to interrogs. | Confusing, vague, ambiguous. | Referred generally to ROIS for HUD-00032-2017 and HUD-00121-2018 and def's responses to other RFPs | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 2** | All docs captured in response to e-searches. | Objected to e-searches as overbroad, disproportionate, seeking privileged information. | Def agreed to produce docs. with revised search terms – see response. | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 3** | All docs in pl's OPF | | Def agreed to produce | Defendant's response appears satisfactory. |
| **RFP 4** | Performance and conduct docs not within OPF | Not relevant, vague, overbroad, not proportional, equally available to plaintiff. | Def. stated it will provide performance reviews during time period relevant to complaint that are not in ROIs, as well as docs related to PIPs, OIP, and Notice of Proposed Removal. | See letter re: objections. As to relevance, several of plaintiff's claims assert that she was discriminated and retaliated against when she was subjected to adverse performance-based actions. Accordingly, her history of performance is central to those claims and unquestionably relevant.<br><br>Only provided FY 2015 year-end appraisal; FY 2016 mid-year and year-end appraisals; FY 2017 mid-year; and FY 2018 mid-year. Defendant must supplement its response with the missing documents. Additionally, if there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 5** | Position Descriptions for pl. from Sept. 21, 2014 to present | | Def agreed to provide the documents | Defendant's response appears satisfactory. |

| | | | | |
|---|---|---|---|---|
| **RFP 6** | Docs from which the following can be derived on a quarterly basis from Jan. 1, 2014 to present: Misc. Authorized positions at GS-12 and GS-13 levels filled and unfilled in OCHCO. | Overbroad, relevance. | Def. stated it will provide spreadsheet showing OCHCO vacancies from 2015 to present. | See letter re: objections. As to relevance, plaintiff has asserted that defendant failed to conduct a diligent agency-wide search for suitable positions for her in order to be reassigned out of LER. E.g., Cplt. ¶162. Accordingly, this information is relevant.<br><br>Defendant's response appears satisfactory beginning in 2015. |
| **RFP 7** | All policies, handbooks, guidance, etc. re: process by which reasonable accommodation will be offered or denied to employees of HUD from 2016 to present. | Vague, overbroad, not proportional. | Referred Pl to HUD Handbook, bargaining agreements, and misc. other RA documents. Def. provided an RA brochure, Q&A docs, and other misc. docs. | See letter re: objections.<br><br>Defendant does not appear to have produced the HUD Handbook or the referenced bargaining agreements. If these documents are in one of the EEO Reports of Investigation, defendant must identify the relevant page numbers. Otherwise, defendant must supplement its response with these documents. |
| **RFP 8** | Docs from which function and mission of OCHCO can be derived from Jan. 1, 2014 to present | Relevance. | Def stated it will provide OCHCO webpage listing mission of OCHCO and function statements of OCHCO offices | See letter re: objections. As to relevance, plaintiff has asserted that defendant failed to conduct a diligent agency-wide search for suitable positions for her in order to be reassigned out of LER, including other positions in OCHCO. E.g., Cplt. ¶162. Accordingly, this information is relevant.<br><br>Defendant's response appears satisfactory |
| **RFP 9** | Docs from which function and mission of ELRD can be derived from Jan. 1, 2014 to present | Relevance | Def stated it will provide ELRD webpage describing function of ELRD | See letter re: objections.<br><br>Defendant's response appears satisfactory |
| **RFP 10** | Docs from which function and mission of the RA Branch can be derived from Jan. 1, 2014 to present | Relevance | Def referred pl to the HUD Handbook, collective bargaining agreements, and some additional docs | See letter re: objections. As to relevance, plaintiff has raised claims of failure to accommodate, and the RA Branch was involved in evaluating and responding to her RA claims in this case. |

| | | | | |
|---|---|---|---|---|
| | | | provided in their response | Accordingly, the function of that office according to the agency is relevant.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 11** | This appears to be a duplicate of RFP 10 | | | |
| **RFP 12** | Docs from which function and mission of the Employee Health and Wellness Division can be derived from Jan. 1, 2014 to present | Relevance | Def provided a printout of the EHW webpage | See letter re: objections. As to relevance, the position into which plaintiff was ultimately reassigned is located in EHW Division. Accordingly, the function of that division is relevant to plaintiff's claims.<br><br>Defendant's response appears satisfactory |
| **RFP 13** | Docs related to the PIP issued to pl on Sept. 19, 2016 | Privilege | Referred pl to ROI and said it will provide responsive docs | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 14** | Docs related to the creation, advertisement, selection, nonselection, and cancellation of VA 17-HUD-501 | Confusing, overbroad, not relevant | Def. provided applicant listing, job announcement, counselor's report from Crews' informal complaint reflecting statement from Phillip Burrows about the cancellation of 17-HUD-501 and re-announcement of 17-HUD-691; and email from Jackie Cumber re: desire to revise the JAA for 17-HUD-501. | See letter re: objections. As to relevance, plaintiff specifically alleged in the Complaint that she was denied an opportunity to transfer out of ELR when this vacancy was cancelled. Cplt. ¶¶43-47.<br><br>If there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 15** | Documents from which the name, grade | Confusing, overbroad, not relevant | Def stated it will provide vacancy | See letter re: objections. As to relevance, plaintiff specifically alleged in the Complaint that she was |

| | | | | |
|---|---|---|---|---|
| | and job series can be derived for any incumbent for the position listed in RFP 14 or any position in the same job series as that position within OCHCO and outside of ELRD that was abolished or not filled as part of creating the position identified in RFP 14 | | announcements and applicant listing reports for 17 HUD-501 and 17-HUD-691. Defendant's searches are ongoing and will be supplemented if any addt'l docs are located | improperly denied an opportunity to transfer out of ELRD by the agency in violation of the Rehab Act. Accordingly, the availability of other positions in OCHCO outside of ELRD is relevant. Cplt. ¶¶43-47.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 16** | Docs related to the creation, advertisement, selection, nonselection, and cancellation of VA 17-HUD-691 | Confusing, overbroad, not relevant | Def provided two applicant reports showing applicants and selectee, job announcement, and counselor's report from Crews' informal complaint reflecting statement from Phillip Burrows about the cancellation of 17-HUD-501 and re-announcement of 17-HUD-691. Defendant stated its searches are ongoing and will be supplemented if any addt'l docs are located | See letter re: objections. As to relevance, 17-HUD-691 was one of the positions into which plaintiff alleged she could have been transferred pursuant to her RA request. Cplt. ¶¶108-109.<br><br>If there are other documents relevant to this RFP, <u>including email correspondence or other electronically stored documents</u>, defendant must provide them. |
| **RFP 17** | Documents from which the name, grade and job series can be derived for any | Confusing, overbroad, not relevant | Def stated it will provide vacancy announcements and applicant listing | See letter re: objections. As to relevance, plaintiff specifically alleged in the Complaint that she was improperly denied an opportunity to transfer out of ELRD by the agency in violation of the Rehab Act. |

| | | | | |
|---|---|---|---|---|
| | incumbent for the position listed in RFP 16 or any position in the same job series as that position within OCHCO and outside of ELRD that was abolished or not filled as part of creating the position identified in RFP 15 | | reports for 17 HUD-501 and 17-HUD-691. Defendant's searches are ongoing and will be supplemented if any addt'l docs are located | Accordingly, the availability of other positions in OCHCO outside of ELRD is relevant. Cplt. ¶¶43-47.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 18** | Docs related to the creation, advertisement, selection, nonselection, and cancellation of VA 17-HUD-171 | Relevance | Def provided applicant listing report showing rating and ranking scores, vacancy announcement, notes from Crews interview, and memo from Michalski re: Crews' placement in position through RA process.<br><br>Def stated it will not provide application materials or evaluations for applicants other than plaintiff as those are not relevant. | See letter re: objections. As to relevance, this is the very position that defendant claims it transferred plaintiff into as a reasonable accommodation. Plaintiff has alleged that she located the position and applied for it on her own, and should have been transferred as a GS-13. Cplt. ¶¶162-69.<br><br>At a minimum, defendant must provide the application materials and interview sheets for the two applicants whom it initially selected for the positions (Camille Henry and Justin Brock), as well as any documents relevant to defendant's determination that plaintiff was only eligible to be reassigned at the GS-12 grade level. Additionally, if there are other documents relevant to this RFP, <u>including email correspondence or other electronically stored documents</u>, defendant must provide them. |
| **RFP 19** | Docs that refer or relate to the issuance of the OIP on Dec. 19, 2016 | Burdensome, not proportional, privilege | Def refers pl to the ROI and produced the OIP memo and weekly performance | See letter re: objections.<br>Defendant must identify the page numbers of any specific portions of the ROI(s) to which it refers plaintiff. Additionally, if there are other documents relevant to this RFP, <u>including email</u> |

| | | | | |
|---|---|---|---|---|
| | | | memos from Hurst during the OIP | correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 20** | Docs that refer or relate to the issuance of the Notice of Improved Performance on March 7, 2017 | Privilege | Def stated it will provide docs responsive to this request | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 21** | Docs that refer or relate to issuance of the memo of March 8, 2017 to pl. | Privilege | Def stated it will provide docs responsive to this request | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 22** | Docs that refer or relate to the PIP issued to pl. on March 15, 2017 | Burdensome, not proportional, privilege | Def stated it will provide docs responsive to this request | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 23** | Docs that refer or related to pl's RA request of Aug. 21, 2017. | Docs are equally available to Pl. Burdensome, not proportional, privilege | Def. provided a number of docs in response to this RFP including emails, some of which are redacted per the redaction log. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 24** | To the extent not already provided in RFP 23, all docs that refer or related to pl's request for reassignment outside supervision of Sullivan | Vague | Def. provided a number of docs in response to this RFP including emails, some of which are redacted per the redaction log. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 25** | To the extent not provided in response to RFP 23-24, docs that refer or relate to def's consideration or implementation of an RA for pl other than | Privilege, vague | Def. provided a number of docs in response to this RFP including emails, some of which are redacted per the redaction log. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |

| | | | | |
|---|---|---|---|---|
| | being reassigned outside the supervision of Sullivan | | | |
| **RFP 26** | Docs that refer or relate to def's implementation of pl's RA and/or request for reassignment | Privilege | Def. provided a number of docs in response to this RFP including emails, some of which are redacted per the redaction log. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 27** | Docs that refer or relate to Proposal to Remove for Unacceptable Performance of Sept. 15, 2017 | Privilege | Def provided the proposed removal and accompanying exhibits. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, including email correspondence or other electronically stored documents, defendant must provide them. |
| **RFP 28** | Docs that refer or relate to the cancellation of proposed removal issued to pl. on May 8, 2018 | Privilege | Def stated it will provide docs responsive to this request | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 29** | Docs that refer or relate to prior EEO and other complaints against Sullivan, Constantine, Brooks, Gaither | Overly broad, relevance. Pl. has not alleged that Constantine, Brooks, or Gaither have discriminated or retaliated against her. | Def. agreed to provide EEO complaints filed with HUD's ODEO naming Sullivan as RMO. Def. provided a 2018 EEO complaint (but no ROI or other info.) by Bilal Assaad against Sullivan, as well as Keisha Hurst's EEO complaints. | See letter re: objections. As to relevance, the existence of similarly situated employees who were treated similarly by the agency can be evidence of illegal motive by defendant. See Sprint/United Mgmt. Co. v. Mendelsohn, 128 S.Ct. 1140 (2008).<br><br>Defendant's production is inadequate. Defendant must supplement its response to provide the complaint(s) filed by Ms. Assaad as well as any Report of Investigation or other documents relevant to that complaint. Additionally, Plaintiff does not agree to defendant's limitation in its response to "EEO complaints filed with HUD's [ODEO]" for |

| | | | | |
|---|---|---|---|---|
| | | | | Mr. Sullivan or any of the named management officials.<br><br>Regarding Mr. Constantine, Ms. Gaither, and Ms. Brooks, the RFP specifically states that plaintiff is seeking complaints "in which any of the following persons was alleged to have engaged in, **tolerated, or failed to remedy such discrimination, retaliation, or hostile work environment**…" (emphasis supplied). The highlighted language is relevant to Mr. Constantine, Ms. Gaither, and Ms. Brooks as plaintiff has asserted that they failed to take action to stop Mr. Sullivan's discrimination and retaliation against her, and his subjection of her to a hostile work environment. Accordingly, any responsive documents must be produced. |
| **RFP 30** | Docs that refer or relate to Section B, bullet 5 of def's Initial Disclosures | Privilege | Def. provided a number of docs in response to this RFP including emails, some of which are redacted per the redaction log. | See letter re: objections.<br><br>If there are other documents relevant to this RFP, <u>including email correspondence or other electronically stored documents</u>, defendant must provide them. |
| **RFP 31** | Docs that refer or relate to Defense No. 5 in your Answer that defendant made reasonable accommodations based on pl's requests | Privilege | Def stated it will provide docs responsive to this request | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |
| **RFP 32** | Docs that refer or relate to Defense No. 6 in your Answer that pl. is not entitled to | Premature | Def. stated it will produce documents in response to this RFP as they are obtained through discovery | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |

| | | | | |
|---|---|---|---|---|
| | damages and failed to mitigate damages | | | |
| **RFP 33** | To the extent not already produced, all docs that support your claims or impeach any of the persons listed in pl's Initial Disclosures | Vague, overly broad, atty-client privileged, work product, deliberative process privilege | Def. stated it will not produce these documents. | See letter re: objections.<br><br>Defendant did not provide documents in response to this RFP |

1319 F Street NW
Suite 200
Washington, DC 20004

SBA
Seldon Bofinger
&
Associates, P.C.

Office: (202) 393-8200
Cell: (202) 841-5038
seldonbofinger.com

Molly Buie
meb@sba-pc.com

June 29, 2022

**VIA EMAIL**
AUSA Thomas Duffey, Esq.
Office of the U.S. Attorney for the
District of Columbia
501 3rd Street, NW
4th Floor
Washington, D.C. 20530

Re: Hurst v. Fudge, No. 20-3123 (CRC)

Dear Tom:

I am writing regarding Defendant's recent responses to our written discovery requests in the Hurst case. As you know, I sent a letter and discovery chart earlier this week regarding the Crews case.

Last month, when Defendant requested our position on a motion to enlarge the discovery period, I advised you that we would agree not to oppose the motion only upon Defendant's agreement to fully respond to our discovery requests by the end of June, at the latest. As I explained at the time, June 30 (tomorrow) will be my last day with my firm. After a very long career here, I wanted to leave the case in good shape for the attorney who will be taking it over from me. You agreed to our condition, which was included in the motion to enlarge.

Since then, Defendant has produced 7,288 pages of documents[1]; however, it has not provided the written responses and objections to our Requests for Production of Documents (RFPs) that should have accompanied them. Accordingly, I have no idea which RFPs the documents produced are responsive to, although just by looking at them, it appears that they may have been generated as a result of our e-discovery search terms. I emailed you yesterday to seek clarification about this, but have not heard back.

---

[1] These documents were initially produced on June 22, 2022; however, the file sizes were too large for me to open. Defendant broke the files down into smaller PDF documents, and I was finally able to open them on June 27, 2022.

If the 7,288 documents are indeed Defendant's e-discovery response, then it has not yet produced documents responsive to our other RFPs, apart from Nos. 3 and 5[2]. We also have not been given a privilege log, redaction log, or search number reference list for the e-discovery production.

Without having this information or Defendant's written responses and objections, I am unable to assess whether Defendant's production is complete. Please let me know right away when these items will be produced.

In terms of Defendant's responses to our Interrogatories, Defendant produced those on April 7, 2022. I have gone through them and prepared the attached chart responding to the specific objections Defendant raised and identifying any deficient responses. I have also set out below Plaintiff's responses to Defendant's General Objections and addressed other issues that apply to Defendant's responses overall.

**Boilerplate Objections:** Defendant listed 10 General Objections at the beginning of its Interrogatory responses and included many of the same boilerplate objections in responding to specific Interrogatories. It is unclear, however, whether Defendant has actually withheld any information pursuant to these objections and, if it did, the specific grounds for doing so.

Interposing boilerplate objections and then answering Plaintiff's discovery requests without waiving the objections is not sufficient to adequately respond to discovery. See Fed. R. Civ. P 33(b)(4) and 34(b)(2)(C); Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. 181, 191 (D.D.C. 1998); Liguria Foods, Inc. v. Griffith-Laboratories, Inc., 320 FRD 168 (ND Iowa 2017); Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358-59 (D. Md. 2008) (collecting cases); Steed v. EverHome Mortg. Co., Appeal No. 08-13476, 2009 WL 139507 at *4 (11th Cir. 2009); Burlington Northern v. Santa Fe Ry. Co. 408 F.3d 1142, 1147-48 (9th Cir. 2005). That is why, for example, Instruction No. 7 to Plaintiff's discovery requests identified the information that must be provided by a responding party who objects on the grounds of burdensomeness or proportionality. In some instances, vague and non-specific responses that are not cured during meet and confer exchanges may be treated as a failure to answer pursuant to Rule 37(a)(4). See Athridge v. Aetna Cas. & Sur. Co., 184 F.R.D. at 191.

This same issue came up in a discovery dispute we had recently in another case. There, Magistrate Judge Robinson found that the defendant had waived all objections it did not raise with specificity, including all proportionality and burden-related objections, which require the submission of affidavits or other evidence that "reveals the nature of the burden." Ronaldson v. National Assn. Home Builders, No. 19-01034 at ECF #68 (citing Convertino v. U.S. Dept. of Justice, 565 F. Supp. 2d. 10, 14 (D.D.C. 2008)).

All of Defendant's boilerplate objections in this case (i.e., vague, not proportional, burdensome, overbroad, etc.), including all of its General Objections, are similarly flawed and invalid to justify withholding any information or documents in this case. Defendant must

---

[2] Defendant forwarded the documents responsive to those RFPs on April 26, 2022.

immediately either withdraw the objections, provide the specific bases for each of its objections and explain what evidence was withheld, or confirm that no information or documents have been withheld based upon them as required by Fed. R. Civ. P. 34(b)(2(C).

**Compound/Subparts:** In responding to several of Plaintiff's Interrogatories, Defendant objected on the ground that each interrogatory was supposedly compound and contained "discrete subparts that together add up to more than 40 interrogatories." That is not a valid way to count the total number of Plaintiff's Interrogatories. None of the interrogatories propounded by Plaintiff is compound or contains discrete subparts that add up to more than 40 interrogatories. The sub-parts merely provide examples of the specific information Defendant should include in a complete answer. "An interrogatory directed at eliciting details concerning a *common theme* should not be counted as multiple interrogatories." In re ULLICO Inc. Litigation, 2006 WL 2398742 at *2 (D.D.C.) (internal quotations omitted) (emphasis supplied); see Banks v. Office of the Senate Sergeant At Arms, 222 F.R.D. 7, 11 (D.D.C. 2004); Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C. 2005). The Advisory Committee notes to the 1993 amendment to Rule 33(a)(1), which was cited by Defendant, specifically recognized that an interrogatory with sub-parts that seeks information on one subject counts as one interrogatory. For example, "a question asking about communications" concerning one integrated subject is "treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." See also, 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 39–40 (3d ed. 2010) ("an interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question."). Plaintiff is entitled to answers to all of her Interrogatories and all of their sub-parts.

**Claims of Privilege:** Defendant raised claims of privilege in responding to Interrogatories 2, 3, 6-9, and 13; however, it did not state whether any information was withheld on the grounds of privilege, nor did it provide any factual basis for asserting privilege. Indeed, in many cases, Defendant did not even specify which privilege supposedly applied and broadly objected "to the extent that [the Interrogatory] requests information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege."

That is not the way privilege objections work. "When a party withholds information otherwise discoverable by claiming that the information is privileged, or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed … in a manner that … will enable other parties to assess the claim." Rule 26(b)(5)(A). Defendant did neither of these things. As such, its privilege objections are invalid and any information withheld on that basis must be immediately disclosed.

To the extent Defendant objected on the basis of the deliberative process privilege, that privilege is inapplicable here. It does not apply when a cause of action is directed at a government agency's intent and/or its subjective motivations, as Plaintiff's claims are. See In re: Subpoena Duces Tecum, 156 F.3d 1279, 1280 (D.C. Cir. 1998). Moreover, Defendant has not provided any information to support its objections, such as specific facts from an agency head demonstrating why each document is "deliberative" and "predecisional;" specific facts concerning the degree and

type of harm that would result from requiring production of each document; and identifying what portions of each document are deliberative and, if specific sections are purely factual, why those sections cannot be produced. See e.g., L.H. v. Schwarzenegger, 2008 WL 2073958, *7 (E.D. Cal. May 14, 2008).

**Signature by Agency Counsel:** Defendant's responses to Plaintiff's Interrogatories were signed by Agency Counsel Sean Kellem. As you know, unless Defendant agrees to waive attorney-client privilege, Mr. Kellem cannot be called to testify about the substance of the conversations he had that that led to Defendant's responses. Defendant will therefore need to identify the person or persons with personal knowledge who provided substantive information for each Interrogatory response.

Please refer to the attached chart for Plaintiff's responses to any specific objections Defendant raised in responding to Plaintiff's Interrogatories, including relevance objections.

Tom, Plaintiff has been very patient in this matter, given that you inherited this case and Crews from other AUSAs and have a very full docket of other cases, but the discovery issues I have raised above and in the letter I sent earlier this week must be immediately addressed. As I have mentioned, Bob Seldon and Angela St. Pierre from my office will be taking over this case. Bob would like to schedule a meet and confer conference within the next two weeks to confer about the deficiencies I have identified. If Defendant is unable or unwilling to promptly cure them, the next step will be for both plaintiffs to make a motion for sanctions under Fed. R. Civ. P. 37(d).

Please reach out to Bob at rcs@sba-pc.com or 202-393-8200 ex. 113 to schedule a conference. Thank you.

Very truly yours,

Molly Buie

Molly Buie

cc: Keisha Hurst
Enclosure

# Chart Re: Def. Resp. Pl. 1st Set of Interrogatories and Requests for Production of Documents in Hurst v. Fudge, No. 20-3123 (CRC)

| INTERROGATORIES ("INTs") | | | | |
|---|---|---|---|---|
| | **Subject of INT/RFP** | **Def. Objection** | **Def. Resp.** | **Pl. Resp./Objections** |
| **GEN** | | To the extent "Definitions and Instructions" impose obligations beyond Fed. R. Civ. P. | | See letter of June 29, 2022 |
| **GEN** | | Overly broad, seek irrelevant information, not proportional | | See letter |
| **GEN** | | Unduly Burdensome/duplicative | | See letter |
| **GEN** | | Compound/ Contain un-Identified subparts that add up to more than 40 interrogatories | | See letter |
| **GEN** | | Vague/Ambiguous | | See letter |
| **GEN** | | Privileged, including atty-client, work product, law enforcement, deliberative process, and joint defense privileges | | See letter |
| **GEN** | | Misc. other objections Nos. 7-10 | | See letter |
| **INT 1** | Complete and accurate account of Sept. 21, 2018 decision by RAB that plaintiff was "an individual who was eligible for RA" and that "the medical documentation supports the employee needs a RA." | Vague, overly broad, unduly burdensome, compound | Defendant provided a response. | See letter re: objections.<br><br>If anyone besides Patrice Paige was involved in the process of reviewing plaintiff's request, her medical documentation, or was involved in making, consulting about, reviewing, or approving the decision at issue, defendant must supplement its response with this information in accordance with part (c) of the Interrogatory. |

| | | | | |
|---|---|---|---|---|
| **INT 2** | Complete and accurate account of def's implementation of plaintiff's RA between July 23, 2018 and Nov. of 2019 when HUD identified 5 Mgmt. Analyst positions into which plaintiff could be reassigned. | Vague, overly broad, unduly burdensome, privilege, compound | Def. provided no information and referred plaintiff generally to documents to be produced in response to unspecified Requests for Production of Documents. | See letter re: objections.<br><br>This response is wholly inadequate. Defendant may not broadly refer plaintiff to unspecified documents as a substitute for providing a narrative response to this Interrogatory. Under Fed. R. Civ. P. 33(d), a party opting to produce business records in lieu of providing a narrative response may only do so if the answer to an interrogatory can be determined by examining … the responding party's business records <u>and</u> if the burden of deriving or ascertaining the answer will be substantially the same for either party.<br><br>Neither requirement is met in this case. No documents provided by defendant will be able to answer all of the information sought in this Interrogatory. Even if they could, the burden of locating and extracting that information would be significantly higher for plaintiff than for defendant to provide it in a narrative response.<br><br>Moreover, Rule 33(d)(1) requires the responding party to specify "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Here, defendant has failed even to provide the Bates numbers or any other identifier for the documents to which it directs plaintiff in its response.<br><br>Defendant must immediately provide a narrative response to this Interrogatory. |

| | | | | |
|---|---|---|---|---|
| **INT 3** | Complete and accurate account of Tenille Washburn's Dec. 16, 2019 decision on plaintiff's Nov. 21, 2019 RA request. | Vague, overly broad, unduly burdensome, privilege, compound | Defendant provided a response. | See letter re: objections.<br><br>Defendant states in its response that Ms. Washburn participated in a call on Nov. 26, 2019 with various persons, including "other HUD officials from OCHCO and HUD's OGC." Defendant must identify those persons and anyone else who was involved in, consulted about and/or had input into her decision in accordance with part (c) of the Interrogatory.<br><br>Defendant must supplement its response with this information. |
| **INT 4** | Identify all essential functions of the GS-14 Management Analyst position in OCG referred to in ¶84 of the Complaint that required the incumbent to be physically present in D.C. | Vague, overly broad, unduly burdensome | Defendant provided a response. | See letter re: objections.<br><br>Defendant's response appears satisfactory. |
| **INT 5** | For periods Oct. 1, 2019 to Feb. 29, 2020 and Mar. 1, 2020 to June 30, 2020, identify all GS-13 and GS-14 Mgmt Analysts in OGC who were supervised by Tenille Washburn and worked remotely more than one day per week. | Relevance, not proportional, seeks private or confidential information. | Defendant provided a response. | See letter re: objections. As to the relevance of the timeframes included in the Interrogatory, plaintiff included the time period immediately before she made her second RA request thru the end of the month when the RAC issued its Feb. 27, 2020 decision because that entire time period is relevant to the agency's argument that the Mgmt Analyst position could not be performed remotely. Plaintiff had an open RA request in Oct. and Nov. 2019 and an open appeal to the RAC until Feb. 27,2020.<br><br>Plaintiff included the periods Mar. 1, 2020 through June 30, 2020 because that is the time period when she submitted a request to the RA branch to be |

| | | | | |
|---|---|---|---|---|
| | | | | detailed to the Mgmt Analyst position in OGC, which to her knowledge was still open and the entire agency was on a work-from-home status. That request was denied on April 29, 2020 by Ms. Gaither; however, plaintiff remained in her position in ELRD until – through her own efforts – she secured a reassignment to PIH in June of 2020. Thus, that entire time period is relevant.<br><br>Defendant responded that for the period from Nov. 21, 2019 through Feb. 27, 2020 there were zero GS-13 or GS-14 Mgmt Analysts under Ms. Washburn's supervision who worked outside of a HUD physical workspace more than one day per week…<br><br>This answer is not responsive to the Interrogatory, which requested information about different date ranges than that included in defendant's response. Defendant cannot reasonably limit its response regarding comparator information to a three-month time period when plaintiff was actively seeking an accommodation to work remotely for much longer than that. Moreover, plaintiff has reason to believe that many Management Analysts in OGC and elsewhere in the agency were able to successfully work remotely for more than a year during the pandemic, which refutes defendant's claims that the job could not be performed remotely.<br><br>Defendant must immediately supplement its response with the information sought in the Interrogatory. |
| **INT 6** | Complete and accurate account Gayle Bohling's second-level | Vague, overly broad, unduly burdensome, privilege, compound | Defendant provided a response. | See letter re: objections. |

| | | | | |
|---|---|---|---|---|
| | review of plaintiff's Nov. 21, 2019 RA request | | | If anyone besides Ms. Bohling and Ms. Washburn were involved in involved in making, consulting about, or giving input into this decision, including HR personnel, defendant must supplement its response with this information in accordance with part (b) of the Interrogatory. |
| **INT 7** | Complete and accurate account of RAC review of plaintiff's Nov. 21, 2019 RA request. | Vague, overly broad, unduly burdensome, privilege, compound. | Defendant provided a response. | See letter re: objections.<br><br>This response appears satisfactory. |
| **INT 8** | Identify all alternative accommodations that were considered, if any, by Ms. Washburn, Ms. Bohling, and/or the RAC with respect to plaintiff's Nov. 21, 2019 RA request | Privilege. | Defendant provided a response. | See letter re: objections.<br><br>This response appears satisfactory. |
| **INT 9** | Complete and accurate account of plaintiff's March 20, 2020 RA request that was denied by Ms. Gaither on April 29, 2020 | Vague, ambiguous, incomprehensible, vague, overly broad, unduly burdensome, privilege, compound | Defendant provided a response. | See letter re: objections.<br><br>This response appears satisfactory. |
| **INT 10** | Complete and accurate account of the basis for Affirmative Defense #6 in Answer that plaintiff's claims are untimely | Privilege, seeks legal argument, premature | Def. did not respond to Interrogatory | See letter re: objections. Regarding the "legal argument" objection, Pursuant to Fed. R. Civ. P. 33(a)(2), an Interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact …"<br><br>If defendant is currently in possession of any facts that support this Affirmative Defense, it must provide them in response to this Interrogatory. |

| | | | | |
|---|---|---|---|---|
| | | | | Otherwise, defendant must immediately supplement its answer if it learns or obtains any responsive information. |
| **INT 11** | Complete and accurate account of the basis for Affirmative Defense #7 in Answer that plaintiff was not entitled to any reasonable accommodations | Privilege, seeks legal argument, premature | Def. did not respond to Interrogatory | See letter re: objections.<br><br>This response is unacceptable. Defendant has asserted in its Answer that plaintiff was not entitled to any reasonable accommodations, and indeed, it denied at least two of her requests for accommodation. It must therefore have some factual basis for raising this Affirmative Defense and is already in possession of the medical records plaintiff submitted in support of her requests for reasonable accommodation.<br><br>Pursuant to Fed. R. Civ. P. 33(a)(2), an Interrogatory "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact …"<br><br>Defendant must provide a response to this Interrogatory. |
| **INT 12** | Complete and accurate account of basis for denying ¶112 of the Complaint including identifying any of plaintiff's claims that you assert were not administratively exhausted. | Vague, overly broad, | Defendant provided a response. | See letter re: objections.<br><br>This response appears satisfactory. |
| **INT 13** | To the extent not already provided, provide a complete and accurate account of all information and | Vague, overly broad, confusing, compound, privilege | Def. did not respond to Interrogatory | See letter re: objections. |

| | | | | |
|---|---|---|---|---|
| | persons that support your claims assertions, or defenses. | | | |
| **REQUESTS FOR PRODUCTION OF DOCUMENTS (RFPs)** | | | | |
| | **Subject of INT/RFP** | **Def. Objection** | **Def. Resp.** | **Pl. Resp./Objections** |
| **RFP 1** | All docs that refer or relate to def's responses to interrogs. | Defendant has not provided written responses to plaintiff's RFPs | Except as noted, below, defendant has not provided documents responsive to plaintiff's RFP | |
| **RFP 2** | All docs captured in response to e-searches. | | Defendant provided documents Bates Nos. 1-7288 on June 22, 2022 (although we could not open them until June 27, 2022); however, it is unclear whether these documents are the results of the e-discovery searches. | |
| **RFP 3** | All docs in pl's OPF | | Defendant provided plaintiff's eOPF on April 26, 2022. | |
| **RFP 4** | Performance and conduct docs not within OPF | | | |
| **RFP 5** | Position Descriptions for pl. from Sept. 21, 2014 to present | | Defendant provided the following position descriptions on April 26, 2022: Supervisor HR Specialist (GS-0201-15); Supervisory HR Specialist (GS-0201-14); Supervisory | |

| | | | | |
|---|---|---|---|---|
| | | | Mgmt. Analyst (GS-0343-15); and Supervisory Mgmt. and Program Analyst (GS-0343-14). | |
| **RFP 6** | Docs re: plaintiff's July 23, 2018 RA request | | | |
| **RFP 7** | Docs re: plaintiff's Nov. 21, 2019 RA request | | | |
| **RFP 8** | Docs re: plaintiff's March 20, 2020 RA request | | | |
| **RFP 9** | To the extent not provided in RFPs 6-8, docs re: plaintiff's request for reassignment outside the supervision of Joseph Sullivan | | | |
| **RFP 10** | To the extent not provided in RFPs 6-8, docs re: defendant's consideration or implementation of an accommodation for plaintiff other than the requested accommodation of being reassigned outside the supervision of Sullivan (i.e., alternative accommodations). | | | |

| | | | | |
|---|---|---|---|---|
| **RFP 11** | Position Description for the GS-14 Management Analyst position in OGC referred to in ¶84 of Cplt. | | | |
| **RFP 12** | Docs re: climate assessment that was conducted in ELRD in April of 2018 | | | |
| **RFP 13** | Docs re: letter of reprimand issued to plaintiff on June 29, 2018 or the allegations contained in it | | | |
| **RFP 14** | Docs re: any delinquency in payment or other misuse of govt issued credit card or travel card by any first or second-level subordinate of Sullivan from 2016-2018 and resulting discipline | | | |
| **RFP 15** | Docs re: delinquency in payment or misuse of govt issued credit or travel card by Ginger Richardson from 2016 to 2018. | | | |
| **RFP 16** | Docs re: FMLA leave taken by plaintiff between April 1, 2018 and June 30, 2018 | | | |

| | | | | |
|---|---|---|---|---|
| **RFP 17** | March 18, 2020 email to HUD employees from Chad Cowan referenced in defendant's Answer at ¶98 | | | |
| **RFP 18** | All communications between Cedric Brown and Sonya Gaither referenced in defendant's Answer at ¶102 | | | |
| **RFP 19** | Docs re: plaintiff's first EEO complaint (HUD-00093-2017), including any notice to Gaither, Sullivan, or Brooks about it | | | |
| **RFP 20** | Docs re: Def's Affirmative Defense #6 that "plaintiff's claims are untimely" | | | |
| **RFP 21** | Docs re: Def's Affirmative Defense #7 that "plaintiff was not entitled to any reasonable accommodations" | | | |
| **RFP 22** | Docs re: Def's Initial Disclosures "pertaining to Keisha Hurst's performance in … ELR Division." | | | |
| **RFP 23** | Docs re: Def's Initial Disclosures "maintained by the | | | |

| | | | | |
|---|---|---|---|---|
| | Bureau of Fiscal Services … time and attendance.” | | | |
| **RFP 24** | Docs re: Def's Initial Disclosures “contained in the paper file kept for Keisha Hurst's requests.” | | | |
| **RFP 25** | Docs re: Def's Initial Disclosures “contained in electronic folders ... Regarding Keisha Hurst's requests” | | | |
| **RFP 26** | Docs re: Def's Initial Disclosures “Emails between parties … regarding Keisha Hurst's requests.” | | | |
| **RFP 27** | To the extent not produced in preceding RFPs, all documents that support your claims, assertions, or defenses in this actions. | | | |
| **RFP 28** | To the extent not produced in response to preceding RFPs, documents that impeach the credibility of, or the statements made in admin. Reports of Investigation by, any of the persons | | | |

| | | | | |
|---|---|---|---|---|
| | identified in Plaintiff's Initial Disclosures. | | | |